William C. Silver, Jr. v. Commissioner.
Silver v. Commissioner
Docket No. 2088-70.
United States Tax Court
T.C. Memo 1972-102; 1972 Tax Ct. Memo LEXIS 155; 31 T.C.M. (CCH) 402; T.C.M. (RIA) 72102; May 2, 1972, Filed Michael J. Kenny, 60 Wall St., New York, N. Y., for the petitioner. Curtis W. Berner, for the respondent. 403 GOFFE
Memorandum Findings of Fact and Opinion GOFFE, Judge: Respondent determined a deficiency *156 in petitioner's income tax for the taxable year 1966 in the amount of $1,582.53 and for the same taxable year an addition to tax under the provisions of section 6651(a) of the Internal Revenue Code of 1954 in the amount of $399.66. The issues to be decided are: (1) Whether petitioner is entitled to deduct as entertainment expenses under section 162 [1] expenditures of $2,640 not reimbursed by his employer; (2) Whether petitioner is entitled to dependency exemption deductions under section 152 for his three children; and (3) Whether petitioner's failure to file his return timely was due to willful neglect or due to reasonable cause. Findings of Fact All the facts and exhibits stipulated by the parties are hereby incorporated herein. The petitioner, William C. Silver, Jr., resided in New York, New York, at the time of filing his petition herein. He filed his Federal income tax return for the taxable year 1966 with the district director of internal revenue at New York, New York, on February 1, 1968. Throughout 1966, petitioner was employed *157 as an outside liquor salesman for Twenty-one Brands of New York City. The majority of the customers he called upon were located in the Borough of Manhattan and consisted of clubs, hotels, and restaurants. He has been so employed for 25 years. Petitioner entertained his customers in order to secure business for his employer. This entertainment consisted of drinks, meals, and attendance at sports events and the theater. Petitioner's employer reimbursed him at the rate of $100 per week or a total of $5,200 out of the $7,840 deducted on his return. Respondent disallowed the unremibursed portion of the deduction, $2,640, for failure of petitioner to establish that such amount constituted an ordinary and necessary business expense and for failure to establish that it was expended for the purpose designated. Petitioner's practice was to entertain a customer at the business establishment of another customer. It was not practical to utilize credit cards because the customer in whose establishment the entertainment was being conducted would resent the discount required by such charges. Petitioner, therefore, paid cash or by check. He did not ask for receipts from the restaurants and bars *158 where he entertained because sometimes the restaurateurs would object to preparing the receipt and because it was easy to pay the "tab" and walk out. Petitioner had some sort of diary but probably lost it in transit when moving his residence. Petitioner estimated the amount of his deduction for entertainment expenses by deducting from his bank account his living expenses such as rent and telephone and claiming the remainder. Throughout the taxable year 1966 petitioner's three children resided with their mother who was separated and living apart from petitioner. Pursuant to a separation agreement petitioner paid $60 per week during 1966 for the support of the three children. Opinion Petitioner has failed to substantiate under section 274 the entertainment deduction claimed in the amount of $2,640. In order to comply with the requirements of section 274 a taxpayer must either (1) maintain adequate records, which means an account book or diary, together with documentary evidence sufficient to support the expenditure or (2) present sufficient evidence to corroborate his own statement. Sec. 1.274-5(c), Income Tax Regs.
The petitioner presented no evidence to corroborate his *159 own statements. He testified that he computed his deduction for entertainment expenses by an estimate prepared by eliminating living expenses from his checking account. He produced some cancelled checks and statements of account rendered to him by restaurants and bars but offered no testimony to show who was entertained, the business relationship of the person entertained, or even the dates of entertainment. His testimony consisted solely of the broad statement that all the cancelled checks and statements reflected business entertainment not reimbursed by his employer. Petitioner's records to substantiate the deduction were nonexistent. He testified 404 that he had a diary which was probably lost in transit while moving his residence, yet he offered no explanation as to the contents of the diary. In our opinion petitioner has failed to show that his loss of a diary, for whatever it may have contained, is a loss beyond his control as contemplated by section 1.274-5(c)(5), Income Tax Regs.
Petitioner testified that it took time to obtain receipts from restaurateurs when he entertained customers but offered no testimony to show that each expenditure was $25 or more, for which *160 a receipt is prescribed by the regulations. Sec. 1.274-5 (c)(2)(iii). Petitioner's proof of his entertainment expense deduction was nothing more than a vague, unconvincing estimate. It utterly fails to comply with section 274 of the Code and the applicable regulations. William F. Sanford, 50 T.C. 823 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Respondent is, therefore, sustained in his determination in disallowing claimed entertainment expense to the extent of $2,640. The next issue is the deduction for three dependency exemptions for petitioner's three children. The children resided with their mother during the taxable year 1966. Petitioner was unable to offer any evidence to show the total support of the children for 1966. Because the total support was not proved, petitioner has failed to prove he provided over one-half of their total support as required by section 152(a) I.R.C.Bernard C. Rivers, 33 T.C. 935 (1960). Petitioner has not even proved the range or maximum amount expended for support of the children. Robert I. Brown, 48 T.C. 42 (1967). *161 Accordingly, respondent's disallowance of petitioner's claimed dependency exemptions for his three children is sustained. The third issue is the applicability of the addition to tax provided by section 6651(a) for failure of petitioner to file timely his return for 1966. Petitioner offered no testimony or proof of any other nature to explain why he did not file his return for the taxable year 1966 until February 1, 1968. He has the burden of proving that reasonable cause existed for his failure to file the return on or before April 15, 1967. He has, therefore, failed in his burden of proof and respondent's determination is sustained. William M. Bebb, 36 T.C. 170 (1961). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩