DONALD BRUCE PATCHETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patchett v. Commissioner
Docket No. 7344-75.
United States Tax Court
T.C. Memo 1976-292; 1976 Tax Ct. Memo LEXIS 112; 35 T.C.M. (CCH) 1305; T.C.M. (RIA) 760292; September 14, 1976, Filed Donald Bruce Patchett, pro se. Rebecca T. Hill, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,172.10 in petitioner's Federal income tax for 1972. The issues for decision are: 1. Whether petitioner is entitled to *113 deduct $2,870 as entertainment expenses under sections 162(a) [1] and 274(d). 2. Whether petitioner is entitled to a charitable contribution deduction of $400. FINDINGS OF FACT At the time his petition was filed, petitioner Donald Bruce Patchett was a legal resident of San Jose, California. Petitioner filed his 1972 individual Federal income tax return with the District Director of Internal Revenue, Fresno, California. 1. Entertainment Expenses
During 1972, petitioner was the general manager of Oaktree Mazda, an automobile dealership in San Jose, California. As general manager, petitioner supervised the dealership's salesmen and mechanics and received as compensation $1,500 per month, plus a percentage of the dealership's profits. Petitioner was not required by his employer to entertain his salesmen or factory representatives. However, he occasionally took these persons, as well as others engaged in the business of buying and selling automobiles, to lunch or dinner. On occasion petitioner's business guests bought *114 his meal. A small, undetermined part of petitioner's expenditures for these meals was reimbursed by his employer. Petitioner's 1972 Federal income tax return was prepared by a tax return preparation firm. Based on the records petitioner supplied to it, the firm arrived at the figure of $2,870, which was the amount claimed as an entertainment expense deduction on petitioner's 1972 return. This amount included the full cost of petitioner's meals, as well as those of his guests on the occasions when he entertained individuals engaged in the automobile business. All records of petitioner's entertainment expenses were lost or thrown away when petitioner moved to Phoenix, Arizona. Without these records, petitioner was unable to recall any specific item of the total claimed entertainment expenses. He was unable to state the date, amount, place, person entertained, or specific business purpose of any single event. Since petitioner paid all of his entertainment bills in cash, he had no canceled checks to verify payment of the claimed entertainment expenses. In his statutory notice of deficiency, respondent disallowed petitioner's claimed entertainment expense deduction in the *115 amount of $2,870. 2. Charitable Contributions
During 1972, petitioner contributed to Goodwill Industries, Inc., various items of specially tailored clothing valued at $250. On his 1972 Federal income tax return, petitioner claimed $400 in charitable contributions, described as follows: " $100 in cash to a "Church or Denom."; $50 in cash to "M. Dimes - Canc. Fund"; and $250 in "used suits, slacks, sweaters, shoes, ties, belts" to "Goodwill/ Salvation Army." In his statutory notice of deficiency, respondent disallowed $300 of this claimed amount. OPINION 1. Entertainment Expenses
Section 162(a) [2] provides that a taxpayer may deduct the ordinary and necessary business expenses incurred during the taxable year which are proximately related to his trade or business. Section 274(d) [3] provides that entertainment expenses are not allowable as deductions unless the taxpayer substantiates, either by adequate records or by other sufficient evidence corroborating his own statement, the following essential elements: (1) The amount of the expense; (2) the time and place of the travel or entertainment; (3) the business purpose of the expense; and (4) the business *116 relationship to the taxpayer of the person entertained. In William F. Sanford,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969), we held that the requirements of section 274 are in addition to those imposed by section 162. *117 Where a taxpayer fails to maintain adequate records or furnish documentary evidence, the regulations under section 274 provide that he must establish each of the necessary elements (1) by his own statement, whether written or oral, containing specific information in detail as to such element and (2) by other corroborative evidence sufficient to establish such element. Sec. 1.274-5(c)(3), Income Tax Regs.[4] Where a taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond his control, the regulations under section 274 provide that such taxpayer can substantiate a deduction by a reasonable reconstruction of his expenditures. Sec. 1.274-5(c)(5), Income Tax Regs.[5]
*118 We think petitioner has utterly failed to substantiate, according to the standards of section 274(d) and the regulations thereunder, any portion of the claimed $2,870 entertainment deduction. Hence, the deduction cannot be allowed, and we need not determine whether the expenses, if substantiated, would be deductible under section 162(a). Petitioner presented no records to substantiate the claimed deduction. He testified that, from time to time, he took salesmen to lunch to discuss with them the deficiencies in their saleswork or because they needed "pumping up" and that he bought meals for factory representatives in order to obtain more automobiles than those allocated by the manufacturer. However, petitioner's general testimony did not specify, among other things, the restaurants where the salesmen and factory representatives were taken for meals or the specific date of the business entertainment at each establishment. Nor did petitioner offer any documentary evidence to corroborate his testimony as to the business purpose of the meals with the salesmen and factory representatives. As to the other people for whom petitioner bought meals, he did not specify who was entertained, *119 the business purpose of the entertainment, their business relationship to him, or even the dates of entertainment. Petitioner produced no canceled checks or other receipts reflecting payment for any of the meals. There was no testimony by other witnesses which could provide the information required for substantiation under section 274(d). Petitioner testified that all of his receipts showing the required substantiation information were lost or thrown away in his move from San Jose to Phoenix. We are not persuaded that any records petitioner may have had of his entertainment expenses were of the character referred to in section 274. However, even if they were, petitioner has failed to show that the loss of such records, whatever information they may have contained, was a loss through circumstances beyond his control as contemplated by section 1.274-5(c)(5), Income Tax Regs. Furthermore, assuming petitioner's loss of the receipts was due to circumstances beyond his control, he has not, on the record before us, substantiated the deductions within the ambit of section 1.274-5(c)(5), Income Tax Regs., "by reasonably reconstructing his records." See Joe F. Gizzi,65 T.C. 342, 346 (1975). *120 We sustain respondent's disallowance of the claimed entertainment expense deduction in the amount of $2,870. 2. Charitable Contributions
There is no evidence whatsoever in the record to substantiate petitioner's claimed cash contributions in the amount of $150. Consequently, deductions for these cash contributions must be disallowed. However, with respect to the tailormade items of clothing, we accept petitioner's testimony and find that he contributed to Goodwill Industries, Inc., such items with a value of at least $250. Accordingly, petitioner is entitled to a charitable contribution deduction in the amount of $250, instead of the $400 claimed. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. * * *↩
3. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (d) Substantiation Required.--No deduction shall be allowed-- * * * *
(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity * * * * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
4. Sec. 1.274-5 Substantiation requirements. (c) Rules for substantiation--
(3) Substantiation by other sufficient evidence. If a taxpayer fails to establish to the satisfaction of the district director that he has substantially complied with the "adequate records" requirements of subparagraph (2) of this paragraph with respect to an element of an expenditure, then, except as otherwise provided in this paragraph, the taxpayer must establish such element - (i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element. If such element is the description of a gift, or the cost, time, place, or date of an expenditure, the corroborative evidence shall be direct evidence, such as a statement in writing or the oral testimony of persons entertained or other witness setting forth detailed information about such element, or the documentary evidence described in subparagraph (2) of this paragraph. If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence. ↩
5. Sec. 1.274-(c)(5), Income Tax Regs., provides as follows: Loss of records due to circumstances beyond control of taxpayer.↩ Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.