MARIE SECKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE Respondent
Seckel v. Commissioner
Docket No. 7270-71.
United States Tax Court
T.C. Memo 1974-170; 1974 Tax Ct. Memo LEXIS 151; 33 T.C.M. (CCH) 734; T.C.M. (RIA) 74170; June 25, 1974, Filed. *151 Held, deductions denied for lack of proper substantiation. Held, further, respondent did not err in applying the section 6651(a) addition to tax. Charles M. Giovanetti, for the petitioner. James H. *152 Ross, Jr., for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies and additions thereto in petitioner's income tax as follows: Year
Deficiency
[1] Additions under Section 6651(a) 1967
$410
$102.50
1968
450
112.50
At issue is whether petitioner has proved her right to deductions under section 212 for certain expenditures incurred in South Africa. In addition we must also determine whether respondent erred in applying the section 6651(a) late filing additions to tax. Findings OF FACT Petitioner Marie Seckel is an individual who resided in Johannesburg, South Africa, at the time of the filing of her petition with this Court. During the years in issue individual income tax returns were filed with the district director of internal revenue, San Francisco, Calif.Both returns were filed late, apparently sometime in July 1969. [2]
*153 Petitioner was married in 1947 to Roderick Seckel and this marriage continued until Roderick's death on November 12, 1963. Until 1959 they resided in San Francisco. In that year Roderick's mother died and they traveled to South Africa to settle the estate. Petitioner and Roderick remained in South Africa until 1962 at which time they returned to the United States. In 1963 they traveled back to South Africa to complete the settlement of the mother's estate. During this stay in South Africa Roderick was killed in an accident. Petitioner remained in South Africa after her husband's death until 1964 when she returned to the United States. In 1966 petitioner traveled to Johannesburg, South Africa, to finalize her husband's estate.Apparently difficulties in settling the estate required her presence there. Shortly after arriving in Johannesburg petitioner rented and furnished a flat where she resided during the years in issue. Her husband's estate was not finally settled until 1969. Petitioner remained in Johannesburg after the completion of the settlement. When in the United States petitioner would reside with her sister and borther-in-law in San Francisco where a room was *154 kept for her. Petitioner regarded this residence as her home when in San Francisco. In mid-1967 petitioner was injured in an automobile accident. She did not fully recover until about one year later. In the latter part of 1967 petitioner was also the victim of a burglary at which time most of her files were taken. These were never recovered. Some of these files contained records relating to expenses. On her 1967 and 1968 income tax returns petitioner deducted $3,000 per year ($250 per month) as "Section 212 Expense to Preserve Income Travel and living in Johannesburg, South Africa." These deductions were for rent, food, clothing, household help, wages, transportation and professional expenses. No documentation or record keeping was presented to substantiate these expenditures.
OPINION Petitioner submits that her Johannesburg travel and living expenditures are deductible under section 212 since they were incident to the management, conservation and preservation of property held for the production of income. Even assuming this to be true (an assumption which is tenuous at best), petitioner has made no attempt to substantiate the expenditures except by her own uncorroborated *155 testimony. [3] Section 274(d) [4] which sets for the substantiation requirements for these types of expenditures required corroborating evidence. Consequently, the deductions cannot be allowed. [5]
*156 Petitioner's counsel, however, argues that petitioner need not meet the substantiation requirements of section 274(d) because she comes within the purview of section 1.274-5(f), Income Tax Regs., which allows a per diem allowance. Unfortunately for petitioner that provision of regulations is not applicable to her situation and, therefore, does not relieve her of the burden of substantiating the claimed expenditures. Section 1.274-5(f), Income Tax Regs., applies only to taxpayer-employees who receive travel allowances from their employers [6] and petitioner does not fall within that class. The claimed expenditures also do not fall within the $25 exception to documentation contained in section 1.274-5(c) (2) (iii), Income Tax Regs., as that provision still requires the maintenance of some sort of record. Section 1.274-5(c) (5), Income Tax Regs., is also of no help to petitioner. While the 1967 burglary might have resulted in the loss of some of her records, this does not explain why at least a representative example was not presented as evidence. *157 Since we have found that petitioner has failed to properly substantiate the claimed expenditures, the deductions cannot be allowed and we need not (and do not) determine whether the expenses, if substantiated, would be deductible under section 212. The remaining issue for our determination is whether respondent erred in applying the section 6651(a) late filing addition to tax. With respect to this addition, the burden is upon petitioner, not respondent. [7] While illness and legal problems may at times constitute a proper excuse for late filing, petitioner in this instance has failed to demonstrate any connection between her accident and her problems incident to settling her late husband's estate with her failure to file timely returns. [8] Since it has not been established that petitioner was unable to file the returns when due or that there was any other reasonable cause for such failure to make timely filings, respondent's determination on this point must also be sustained. *158 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. No evidence was presented indicating the actual date of filing which date is not in dispute. Petitioner is not contesting the fact that the returns were filed late, but rather that there was reasonable cause and not willful neglect for such late filing. ↩
3. While petitioner indicated that she had records in South Africa, no attempt was made to produce them. ↩
4. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 of 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary or his delegate may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. ↩
5. While most of the claimed expenses relate to travel and living, the record indicates that some of the expenditures were for professional fees. While these expenditures are not subject to the strict substantiation requirements of section 274(d), petitioner must still prove her right to the deductions. In this instance there was no allocation of the deductions to professional fees and with the paucity of evidence presented we cannot even employ the Cohan principle to make an approximation. Consequently, that portion of the deductions relating to these expenditures also cannot be allowed. ↩
6. See Sials W. Hennessey, Jr., T.C. Memo. 1969-209↩, for a fuller discussion of this provision of the regulations. 7. Petitioner's counsel has argued that the burden of proof is upon respondent, relying on Lilly Harris, T.C. Memo. 1969-49. That memorandum opinion only recites the principles laid out in the current Rule 142(a), Tax Court Rules of Practice and Procedure↩, on this point. It is clear that under this rule and these facts the burden is upon petitioner to show error in respondent's determination. 8. While petitioner suffered from a temporary lapse of memory resulting from her 1967 automobile accident, nothing in the record indicates any mental handicap during the period when the 1967 return was due, or any other disability which would have prevented a timely filing. Nor was any explanation offered as to why the 1968 return was not timely filed. ↩