JOE F. AND ANN GIZZI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8854-72.     Filed November 4, 1975.

Joe Gizzi, pro se.
*William W. Stuart,* for the respondent.

## OPINION

Petitioner contends he is entitled to deduct the various entertainment expenses, costs of business gifts, air travel, and club dues in issue because they are ordinary and necessary business expenses within the meaning of section 162,[2] and, further, that he has met the substantiation and other requirements of section 274. Respondent asserts that petitioner did not comply with section 274, and we agree. Therefore we do not reach any issue under section 162.

Section 274(d) provides that entertainment expenses, gifts, club dues, and travel costs are not allowable as deductions "unless the taxpayer substantiates by adequate records or by sufficient

[2] All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.

evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, * * * or use of the [club], or the date and description of the gift, (C) the business purpose of the gift or other item and, (D) the business relationship to the taxpayer of persons entertained, using the [club], or receiving the gift."

The Treasury regulations, in section 1.274-5(c)(2), provide that "adequate records" shall consist of a diary or account book or similar record in which the elements of the expenditures are recorded at or near the time of the expenditure. Petitioner maintained a voucher system adequately delineating the elements of the various entertainment, travel, and gift expenditures.[3] The vouchers, however, were inadvertently lost. The question therefore is whether, having originally maintained adequate records, he nevertheless fails to meet the substantiation requirements if he cannot produce them here.

Under section 1.274-5(c)(5), Income Tax Regs., if the taxpayer can establish that (1) he at one time possessed adequate records and (2) that his present lack of records is due to fire, flood, or other casualty beyond his control, then he is free of the normal substantiation requirements. The taxpayer in such a situation must instead reasonably reconstruct his expenditures. These regulations closely follow the congressional reports which accompanied the 1962 congressional revisions to section 274. H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 427; S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741.

The facts before us do not support the claim that the records were lost due to a casualty beyond petitioner's control. Marital difficulties and their consequences, no matter how seemingly independent of petitioner's will, do not sufficiently resemble floods or fire to be considered a casualty. See *William C. Silver, Jr.,* 31 T.C.M. 402, 41 P-H Memo. T.C. par. 72-102 (1972), in which the Court held, by implication, that loss of records while

---

[3] The elements in the case of entertainment expenses are the amount, time, place, business purpose, and business relationship of the recipient. Sec. 1.274-5(b)(3), Income Tax Regs. For a gift, in addition to the five elements immediately above, the taxpayer must include a description of the gift. Sec. 1.274-5(b)(5), Income Tax Regs. Concerning travel expenditures, including lodging and meals incidental to such travel, the taxpayer must prove the four elements of amount, time, place, and business purpose. Sec. 1.274-5(b)(2), Income Tax Regs.

moving from one residence to another was not a casualty beyond the taxpayer's control.

Even if the Court were to view the loss of petitioner's records as a casualty, petitioner has failed to fulfill the additional requirement of reasonably reconstructing his records. See, e.g., *Lewis M. Bryan,* 43 P-H Memo. T.C. par. 74,266 (1974) (records lost while moving; no effort at reconstruction); *Marie Seckel,* 33 T.C.M. 734, 43 P-H Memo. T.C. par. 74,170 (1974) (records were burglarized; no effort at reconstruction); *Marjorie E. Blackburn,* 32 T.C.M. 1194, 42 P-H Memo. T.C. par. 73,254 (1973) (records lost in flood; no effort at reconstruction).

For example, petitioner did not provide any information concerning the cost of the country club parties, their dates, or the identities of the persons entertained. Petitioner was equally indefinite as to both his business gifts and his California journeys. Petitioner also failed to submit any evidence regarding his Traffic Club dues and expenses.

Petitioner's witness, Mr. Joseph F. Candela, sales manager at Acme, was present at some of the Cog Hill Country Club functions, but gave no testimony regarding the dates or cost of each function. He indicated the identities of only 3 of the alleged 75 customers attending these parties. He also failed to document the dates, places, recipients, and costs of gifts. The witness provided no details about the dates, amounts, or places involved in petitioner's California travel. The witness did not even mention the Traffic Club deduction. Petitioner simply has not met the reconstruction requirement.

*Decision will be entered for the respondent.*