JACK H. BARRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barry v. Commissioner
Docket No. 9515-75.
United States Tax Court
T.C. Memo 1978-250; 1978 Tax Ct. Memo LEXIS 265; 37 T.C.M. (CCH) 1080; T.C.M. (RIA) 78250; July 6, 1978, Filed Jack H. Barry, pro se. Arthur A. Oshiro, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency of $ 3,817.06 in petitioner's Federal income taxes for the 1972 calendar taxable year. At trial, respondent contended that petitioner's son did not qualify as a dependent under section 151 [1] and that petitioner thereby failed to qualify as "head of household" under section 2(b). On brief, respondent recognized his error and concedes as much. The issue remaining for determination is whether petitioner can deduct certain expenses claimed to be business related. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated by reference.
Petitioner *267 resided in Los Angeles, California at the time the petition was filed. Petitioner filed his Federal income tax return for the 1972 taxable year with the District Director, Internal Revenue Service, in San Francisco, California. During the taxable year, petitioner reported gross earnings amounting to $ 21,140.57 from which he deducted the following as business related expenses: Telephone expenses
$ 1,320.99
Office rent and ex-
pense
803.89
Food, travel, lodging
and entertainment
4,168.45
Car expense--52,000
miles at 12 cents a
mile
6,240.00
TOTAL
$ 12,533.33 Respondent disallowed the entire $ 12,533.33. Petitioner's chief source of income came from the sale of insurance. From his home in Los Angeles, petitioner's sales efforts sometimes took him as far north as Crescent City and as far south as San Diego. Petitioner said he drove 52,000 miles in 1972 for insurance business. Petitioner multiplied 52,000 miles by $ .12 and deducted $ 6,240.00 [2] as the cost of operating his car for business purposes. *268 For "food, travel, lodging and entertainment," petitioner deducted $ 4,168.45. Of this figure, petitioner estimated 10 percent was for buying meals for business prospects. The other 90 percent was divided about equally between overnight lodging and meals while away from home on overnight trips.
In arranging business appointments, petitioner estimated he incurred $ 1,320.99 in telephone expenses. About half of this amount was for long distance calls made on his home telephone and the other half was for toll calls made on other telephones. Petitioner deducted $ 803.89 as home office expenses. The dinette table in petitioner's apartment served as his working area in his home. The insurance agencies where petitioner worked provided desks and local phone service for their agents. Since many of petitioner's business prospects lived out of town, he telephoned them from his apartment and used the dinette table as a desk. OPINION Petitioner's records were lost when he was evicted from his apartment. Any findings must, therefore, be based on the testimony of the petitioner. In its brief, respondent attacked the credibility of petitioner because petitioner was evicted from his *269 apartment, apparently for nonpayment of rent. Rather than undermining petitioner's credibility, eviction for nonpayment supports petitioner's testimony that he incurred substantial expenses in earning the income respondent now seeks to tax. Petitioner's inability to pay his rent does not detract from his credibility. Respondent disallowed all petitioner's business mileage for lack of substantiation under section 274(d). Section 274(d) prescribes the requirements for the deduction of a taxpayer's travel, entertainment and gift expenses. Mileage for local transportation, whether in his home city or while making calls on the road, need not meet the substantiation requirements of section 274. [3] The very nature of petitioner's occupation requires that petitioner make calls on life insurance prospects. For that purpose, he used his car. Such transportation expenses are ordinary and necessary business expenses within the meaning of section 162. A portion of petitioner's mileage expense is clearly deductible. The remainder of the petitioner's mileage is not deductible absent substantiation required by section 274. *270 Petitioner claims he paid $ 1,320.99 in business related telephone expenses. Some part of these expenses likewise are deductible under section 162. The specific evidence necessary to make a precise computation of petitioner's business telephone expense and allowable mileage expense is lacking. Under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), the Court may approximate these deductions. In our opinion, petitioner incurred as a business expense not less than $ 2,700, or approximately 50 percent of the total mileage claimed, and $ 100 per month in telephone expense, making a total of $ 3,900 in deductible expenses for business mileage and telephone charges in contacting his prospects. We so find. Petitioner deducted $ 4,168.45 as expenses of "food, travel, lodging and entertainment," consisting of costs for overnight lodging, meals while away from home on overnight trips, and meals with business prospects. To qualify as deductible business expenses, these expenses must not only be "ordinary and necessary" within section 162, these expenses must also be substantiated within section 274. Petitioner testified that his records of these expenses were *271 lost in moving from his apartment to his next place of residence. Section 1.274-5(c)(5), Income Tax Regs., allows substantiation by reasonable reconstruction if petitioner can show the absence of records is due to circumstances beyond his control, such as fire, flood or other casualty. Loss of records while moving from one residence to another does not qualify as a casualty beyond petitioner's control. Cf. Gizzi v. Commissioner,65 T.C. 342 (1975). Even if it did qualify, petitioner failed to reconstruct his records by testimony concerning his specific travel and entertainment expenses. We must sustain respondent's disallowance of these expenses. Petitioner also seeks to deduct $ 803.89 as home office expenses. Section 262 disallows any deduction for personal, living or family expenses. Section 1.262-1(b)(3), Income Tax Regs., states: Expenses of maintaining a household including amounts paid for rent * * * and the like, are not deductible. A taxpayer who rents a property for residential purposes, but incidentally conducts business there (his place of business being elsewhere) shall not deduct any part of the rent.If, however, he uses part of the house as *272 his place of business, such portion of the rent and other similar expenses as is properly attributable to such place of business is deductible as a business expense. The petitioner failed to show that any significant part of his apartment was regularly used to transact the business of selling life insurance. The two insurance agencies for whom petitioner sold policies provided desks and local telephone service for their insurance salesmen. Petitioner could use these anytime he was in one of the offices. Petitioner's use of the dinette table in his apartment was not necessary. Other than the telephone cost, [4] petitioner incurred no additional expenses because he conducted part of his business at home. His other utilities and rent did not increase because he telephoned prospective customers from his apartment. As working at home did not increase petitioner's personal living expenses, petitioner's personal living expenses shall not decrease his working expenses. Meehan v. Commissioner,66 T.C. 794, 808 (1976). Petitioner's business expenses are deductible in addition to his standard *273 deduction, regardless of whether petitioner was an independent contractor or an employee. Sections 62(1) and 62(2)(D); Sen. Rep. No. 1622, 83d Cong., 2d Sess., p. 10. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Rev. Proc. 70-25, 1970-2 C.B. 506↩, in effect during the 1972 tax year, set forth a standard mileage rate of $ .12 a mile for the first 15,000 miles of use for business purposes during the taxable year and $ .09 a mile for all business miles exceeding 15,000 miles. Assuming petitioner drove 52,000 miles for business purposes, $ 5,130, not $ 6,240, is the correct deduction.
3. Section 1. 274-5(a)(1), Income Tax Regs.; Rev. Proc. 70-25, 1970-2 C.B. 506, 507, supd. by Rev. Proc. 74-23, 1974-2 C.B. 476, modified by Rev. Proc. 77-40, 1977-45 I.R.B. 24↩.
4. Petitioner was allowed to deduct a portion of his telephone cost.↩