JON W. WARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ward v. Commissioner
Docket No. 3861-77.
United States Tax Court
T.C. Memo 1979-165; 1979 Tax Ct. Memo LEXIS 354; 38 T.C.M. (CCH) 714; T.C.M. (RIA) 79165; April 30, 1979, Filed *354 Petitioner sold insurance and collected accounts for insurance companies on a commission basis, and incurred expenses in connection with his business for which he was not reimbursed. Allowable deductions for automobile, office, and telephone expenses determined. Jon W. Ward, pro se. Mathew E. Bates, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1974 in the amount of $392.42. The issues for decision are: (1) Whether petitioner is entitled to a deduction under section 162(a)(2), I.R.C. 1954, [1] for automobile expenses in excess of $2,618, the amount allowed by respondent; (2) whether petitioner is entitled to any deduction under section 162(a)(3), for office rent expenses; and (3) whether petitioner is entitled to a deduction under section 162(a) for telephone expenses in excess of $96.00, the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Jon *355 W. Ward, maintained his legal residence in Cedartown, Ga., at the time his petition to this Court was filed. His United States individual income tax return, Form 1040, for the taxable year 1974 was filed with the Southeast Service Center, Chamblee, Ga. Petitioner maintained his legal residence in Okeechobee, Fla., during the taxable year in issue. During 1974 petitioner was engaged as an insurance salesman by various insurance companies. Petitioner's work as an insurance salesman generally was divided into two categories, the collection of moneys (collection business), and the selling of insurance policies (selling business). These two aspects of petitioner's business involved separate and distinct activities. The collection business consisted of two "debits." The term "debit" describes a collection procedure in which petitioner was required to make certain collections at certain places each day. Petitioner was paid a percentage of the amount collected and he was not reimbursed for his expenses. The two debits which petitioner worked were for different insurance companies and for different lengths of time. Evidence was not presented as to the nature of the insurance which gave *356 rise to the collections. Petitioner's selling business consisted of selling ordinary, local life, and health insurance policies for which he received a commission. Because of Okeechobee's small population, economic necessity required that petitioner expand his business to other Florida areas. Accordingly, petitioner traveled, for example, to Jacksonville, Fla. (600 miles round trip from Okeechobee), Miami, Fla. (200 miles round trip), West Palm Beach, Fla. (130 miles round trip), and Winterhaven, Fla. (240 miles round trip), in his selling business. Petitioner incurred employee business expenses for the taxable year 1974. [2] *357 On his income tax return, petitioner claimed $4,254.38 as an employee business expense (outside salesman) which he deducted in computing adjusted gross income. Of this amount, $4,218.20 was deducted as automobile expense. [3] Petitioner calculated his automobile expense deduction by applying standard mileage rates to 34,682 business miles. [4]
Petitioner also claimed $969.08 as itemized employee business expenses which he deducted in computing taxable income. These expenses were as follows: Expense
Amount
Insurance Licenses
Gulf Life $20.00
American Family 20.00
Southern Life 20.00
$ 60.00
Office equipment
239.85
Chamber of Commerce
Membership
25.00
Credit Bureau Membership
35.00
Office rent
300.00
Phone
309.23
$969.08 In the statutory notice of deficiency mailed to petitioner on February 2, 1977, respondent determined the following: $1,600.20 of the deduction *358 for automobile expenses was not allowable; the entire $300 deduction for office rent was not allowable; and $213.23 of the deduction for telephone expenses was not allowable. [5]
OPINION Respondent grounds his action on the failure of petitioner to substantiate his expenses. Respondent allowed petitioner deductions of $2,618 for automobile expenses and $96 for telephone expenses on the basis of petitioner's oral representations. The automobile expense deduction was calculated by applying standard mileage rates to 18,680 miles. The only evidence produced by petitioner to support the disallowed deductions was his testimony at trial. He testified that the records he had kept concerning his business expenses had been destroyed by his ex-wife in November 1974. Petitioner did not attempt to reconstruct any of the records which had been destroyed. Additionally, no evidence was *359 introduced concerning the existence of business records for expenses incurred subsequent to the destruction of petitioner's records. Petitioner testified that the business mileage claimed on his return was an estimate of the number of miles he had driven. His estimate was calculated by adding: (1) The product obtained by multiplying the estimated number of miles driven on each collection-business debit by the number of weeks each debit was worked; (2) the product obtained by multiplying the estimated number of selling-business trips he took from Okeechobee to various Florida cities by the round-trip mileage between Okeechobee and each city; and (3) an estimated number of selling business miles driven in the Okeechobee area. Petitioner testified that of the 34,682 miles he estimated that he had driven, 21,680 miles were in his collection business and 13,002 miles were in his selling business. Petitioner testified that the collection business mileage included: (1) A debit which he worked for 23 weeks that required 460 miles of driving per week; and (2) a debit which he worked for 15 weeks that required 740 miles of driving per week. Petitioner estimated that 11,300 of the 13,002 *360 selling-business miles were driven in trips from Okeechobee to four Florida cities. The 11,300 miles included: (1) 6 round trips to Jacksonville (600 miles each); (2) 20 round trips to Miami (200 miles each); (3) 10 round trips to West Palm Beach (130 miles each); and (4) 10 round trips to Winterhaven (240 miles each). The remaining selling-business mileage was driven in the Okeechobee area. [6] A comparable breakdown was not provided for the collection-business mileage. Petitioner also testified that approximately 25,000 of the 34,682 miles claimed were driven in rental automobiles. Petitioner testified that he paid $300 in office rent, at a monthly rental of $25, for the use of part of an office in a one-story building, which he did not own, in Okeechobee. [7] Petitioner's office was one room in which he had a desk, adding machine, typewriter, and telephone. Petitioner testified that he would usually go into his office every morning. Petitioner testified that he calculated his $309.23 telephone *361 expense deduction by the following method: (1) Adding $180, [8] the yearly base rate of a business phone at $15 per month, and $144.23, the amount of 1 month's telephone bill which petitioner specifically remembered; and (2) subtracting $15 from the $324.23 sum of $180 and $144.23 so as not to include 1 month's base rate in both the $180 and $144.23 figures. Respondent introduced no evidence at trial. His argument both at trial and on brief has been the failure of petitioner to adequately substantiate the disallowed expenses. The issues presented in this case are factual questions, *362 the resolutions of which depend upon whether petitioner has shown that he is entitled to deductions greater than those allowed by respondent. Respondent's deficiency determinations are presumed to be correct and the petitioner has the burden of proving them to be wrong. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933). Additionally, petitioner bears the burden of establishing both his right to, and the amount of, a deduction. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Section 62 of the Code defines adjusted gross income as gross income minus deductions provided therein. Among the deductions provided are trade or business expenses of a taxpayer whose business is not that of an employee, and expenses of travel, meals and lodgings away from home, transportation, and outside salesmen's expenses of employees. But to be deductible these expenses must qualify as allowable deductions under section 161, et seq., so our inquiry will be based on the latter sections. Section 162(a) sets forth the general rule for the deduction of business expenses. It provides, in pertinent part: SEC. 162. TRADE OR BUSINESS EXPENSE. (a) In *363 General.-- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses * * * while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. Automobile Expenses
Section 162(a) does not permit the deduction of any amount greater than petitioner's actual cost of the business operation of his automobile. Schumaker v. Commissioner,T.C. Memo. 1970-281, affd. 451 F. 2d 1349, (6th Cir. 1971). Rev. Proc. 74-23, 1974-2 C.B. 476, however, provides an optional, simplified method for calculating automobile expenses otherwise deductible under section 162(a) by the use of standard mileage rates. In order to elect this optional method, a taxpayer must, interalia, own the automobile for which he is deducting the expenses, and substantiate his business mileage for local transportation in accordance with section 1.162-17(d), Income Tax Regs., *364 and for other travel in accordance with section 1.274-5, Income Tax Regs.
Petitioner testified that approximately 25,000 of the 34,682 miles for which a deduction was claimed were driven in rental automobiles. While technically the rented car miles would not be eligible for computation under Rev. Proc. 74-23, both parties used it in their calculations and we have no better means of determining the cost of business miles actually driven in this case, so we will use it too. With regard to the issue of substantiation of business mileage, the terms "local transportation" and "other travel" are not defined in the Revenue Procedure. Section 1.62-1(g), Income Tax Regs., provides the following distinction between "transportation" and "travel while away from home." "Transportation", as used in section 62(2)(C), is a narrower concept than "travel, " as used in section 62(2)(B), and does not include meals and lodging. The term "transportation expense" includes only the cost of transporting the employee from one place to another in the course of his employment, while he is not away from home in a travel status. Thus, transportation costs may include cab fares, bus fares, and the like, and *365 also a pro rata share of the employee's expenses of operating his automobile * * *. The distinction is also important for purposes of application of the principle enunciated in Cohan v. Commissioner,39 F.2d 530 (2d Cir. 1930). That principle is not applicable to business mileage which must be substantiated in accordance with section 1.274-5(a). Thus, the first issue is a factual determination of how much of petitioner's mileage was driven in local transportation and how much in other travel.[9] The second issue is whether petitioner's testimony is sufficient substantiation. The requirements of section 1.162-17(d) for local transportation are not precisely set forth. In general, the section provides "that taxpayers keep such records as will be sufficient to enable the Commissioner to correctly *366 determine income tax liability." Sec. 1.162-17(d)(2), Income Tax Regs. Additionally, "Where records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence." Sec. 1.162-17(d)(3), Income Tax Regs.
The substantiation rules of section 1.274-5(d), Income Tax Regs., for other travel are more precise. Section 1.274-5(c) provides that a "taxpayer must substantiate each element of the expenditure * * * by adequate records or by sufficient evidence corroborating his own statement." The elements to be proved with respect to travel include (1) the amount of each separate expenditure for traveling away from home; (2) time and place of travel; and (3) business purpose. Sec. 274(d), I.R.C. 1954, and sec. 1.274-5(b)(2), Income Tax Regs. "Adequate records" are described as account books, diaries, statements of expenses, and documentary evidence, "which, in combination, are sufficient to establish each element of an expenditure." Sec. 1.274-5(c)(2), Income Tax Regs.
Also applicable in this case is the rule provided in section 1.274-5 with regard *367 to the loss of taxpayer's records. Section 1.274-5(c)(5) provides: Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. [10]
Petitioner was hampered in proving business miles traveled by loss of his records. His own testimony was straightforward and direct and we found it to be reliable. Although we recognize that petitioner must have incurred automobile expenses on his selling trips away from home, and he has not claimed expenses for meals or lodgings, his evidence does not meet the standards of section 1.274-5(d) Income Tax Regs., and we cannot use the Cohan doctrine to determine his expenses while traveling away from home. The best we can do is give some recognition to this fact in determining *368 petitioner's transportation expenses. Using our best judgment based on the evidence available, and necessarily bearing hard on petitioner whose duty it was to keep records, we conclude that petitioner incurred expenses for business transportion of 21,000 miles. The allowable deduction should be computed under the standard mileage rate.
Office Rent and Telephone Expenses
Petitioner's burden of proving that he is entitled to deductions for office rent and telephone expenses is found in the general requirements of section 162(a). Sec. 1.162-17(d), Income Tax Regs., and Rule 142(a), Tax Court Rules of Practice and Procedure. Also applicable is the Cohan doctrine. Wehther petitioner sustained his burden is a question of fact. The only evidence introduced by petitioner to support his claimed deductions was his testimony at trial. While additional evidence might have been obtained such as the testimony of his landlord and telephone company records, the landlord and the telephone company were in Florida and this case was tried in Winston-Salem, N.C. The expense of obtaining corroborating evidence may not have been justified by the amount of tax involved. Under the circumstances, we *369 accept petitioner's testimony that he paid $25 per month to rent space for his office and is entitled to a deduction of $300 for that expense, and using our best judgment based on the evidence received, we find that petitioner incurred business telephone expenses in the amount of $220. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the taxable year in issue, unless otherwise noted.↩
2. Since petitioner received only commissions and was not reimbursed for any of his expenses by the insurance companies we doubt that his status was that of an employee. However he claimed the expenses as employee business expenses on his return and the stipulation refers to them as employee business expenses. Since the same amounts would appear to be deductible in arriving at taxable income either as an employee or an independent agent we will accept the status as treated by the parties. 3. The remaining $36.18 was incurred by petitioner for "postage, pens, pencils, etc." This amount was allowed by respondent. ↩
4. Rev. Proc. 74-23, 1974-2 C.B. 476↩, provided, for taxable years beginning after Dec. 31, 1973, that business automobile expenses could be calculated by utilizing a standard mileage rate of $.15 per mile for the first 15,000 business miles and $.10 per mile for business miles in excess of 15,000.
5. The increase in petitioner's adjusted gross income caused by the disallowance of the deductions required adjustments to petitioner's itemized deductions for medical expenses and general sales tax. Petitioner's medical expense deduction was decreased by $64 and his general sales tax deduction was increased by $9.↩
6. Petitioner testified that his local driving totaled 1,500 miles. The sum of 1,500 and 11,300 miles does not equal the 13,002 miles petitioner claimed to have driven in his selling business.↩
7. Respondent argues that petitioner never actually testified that petitioner paid Mr. Hilliard $25 per month for office rent. While it is true that petitioner did not use those precise words, petitioner's testimony convincingly indicates that he was claiming that he paid Mr. Hilliard $25 per month for office rent. ↩
8. In his testimony, petitioner incorrectly stated that multiplying the $15 monthly base rate by 12 months equaled $300. This error is of no importance, however, since further testimony by petitioner revealed that the correct yearly base rate charge of $180 was utilized in computing telephone expenses.↩
9. Respondent only argues for application of the sec. 1.274-5, Income Tax Regs., substantiation requirements to the 11,300 miles driven by petitioner from Okeechobee to the various cities in Florida. Petitioner did not testify whether he was away from home overnight on these trips so we must assume that respondent's application of sec. 1.274-5↩ of the regulations to these trips was justified.
10. But see Gizzi v. Commissioner,65 T.C. 342, 345↩ (1975), for the proposition that the destruction of records as the result of marital difficulties is not the type of "casualty" for which this provision was intended.