WILSON D. FLOWERS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flowers v. Commissioner
Docket No. 12936-78.
United States Tax Court
T.C. Memo 1980-374; 1980 Tax Ct. Memo LEXIS 210; 40 T.C.M. (CCH) 1201; T.C.M. (RIA) 80374; September 11, 1980, Filed *210 Held, petitioner failed to substantiate meal expense deductions; held further, petitioner is not entitled to a theft loss deduction pursuant to section 165, I.R.C. 1954. Wilson D. Flowers, Jr., pro se. Isham B. Bradley, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency of $1,518 in petitioner's 1976 Federal income tax, and an addition to tax of $75.90 under section 6653(a). [1] After petitioner's concessions, [2] the issues remaining for decision are: 1. Whether petitioner has sufficiently substantiated meal expense deductions. 2. Whether petitioner is entitled to a theft loss deduction under section 165. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Wilson D. Flowers, Jr. (hereinafter petitioner), resided in Byhalia, Mississippi, when he filed his petition in this case. He filed his 1976 joint Federal income tax return with the Internal Revenue Service Center, Chamblee, Georgia. During 1976, petitioner was *211 employed as an "over-the-road" truck driver by the Continental Baking Co., Inc., Wonder Snack Foods Division. He made various delivery runs from his home base in Memphis, Tennessee, to New York City, New York, Louisville, Kentucky, and Detroit, Michigan. After making his deliveries to each of those cities, petitioner returned to Memphis. On his 1976 income tax return, petitioner claimed a $4,440 business expense deduction representing the cost of meals for 296 days while on these runs, computed on the basis of $15 per day. In his notice of deficiency, respondent disallowed the deduction for failure of substantiation. Petitioner also claimed a theft loss deduction in the amount of $1,388. Respondent disallowed this deduction in its entirety. OPINION We must determine the following issues: 1. Whether petitioner has satisfied the substantiation requirement under section 274(d) with respect to business expenses for meals claimed on his 1976 return. 2. Whether petitioner is entitled to a theft loss deduction under section 165. Issue 1: Meal Expense Deductions
On his 1976 return, petitioner claimed a business expense deduction of $4,440 consisting of the estimated costs of meals *212 he purchased while on his various delivery runs. Respondent contends that petitioner is not entitled to the claimed deduction for lack of substantiation. For the reasons set forth below, we agree with respondent. Section 162(a)(2) allows a deduction for traveling expenses, including amounts expended on meals while away from home in the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for any travel expense unless the taxpayer substantiates the amount, time, place and purpose of the expense with adequate records or sufficient evidence corroborating his own statement. In order to satisfy the adequate records requirements, the taxpayer must maintain an account book, diary, statement of expense of similar record prepared at or near the time of the expenditure. Sec. 1.274-5(c)(2), Income Tax Regs. These regulations have been upheld as valid. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969). In the instant case, petitioner produced no contemporaneously prepared records to substantiate the meals expense he claimed. He also failed to offer sufficient evidence corroborating his own vague *213 testimony on this issue. Petitioner claims, however, that he kept a detailed travel log book substantiating these expenses, but that this log was lost or inadvertently thrown away when he was going through divorce proceedings and moving out of his residence. Petitioner contends that this circumstance brings him within the lost records exception contained in section 1.274-5(c)(5), Income Tax Regs., [3] and, therefore, he is entitled to substantiate his deduction by a reasonable reconstruction of his meals expenditures. We disagree. In Gizzi v. Commissioner,65 T.C. 342, 345 (1975), we held that a taxpayer cannot be excused from the normal substantiation requirements of section 274 because his records were lost as a result of marital problems and their consequences. *214 Accordingly, since petitioner has failed to comply with the substantiation requirements of section 274, we must deny his deduction for meals expense in its entirety. Issue 2. Theft Loss Deduction On his 1976 return, petitioner claimed a theft loss deduction of $1,388. He contends that various tools and power equipment which he loaned to a friend were stolen from a marina where they were temporarily stored. Section 165(a) permits a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." Under section 165(c)(3), an individual is entitled to deduct losses of nonbusiness property arising from theft to the extent such loss exceeds $100. In order to be entitled to a theft loss deduction, the taxpayer must establish the following elements: (1) the occurence of the theft; (2) the identity of the stolen property; (3) his basis in the property; and (4) the fair market value of the property immediately before the theft. Sections 1.165-7(b) and 1.165-8, Income Tax Regs.
In the instant case, petitioner has failed to prove any of these elements. Although he contends that a theft occurred, he did not produce a police report, insurance claim *215 or other documentary evidence supporting this claim. Moreover, he failed not only to offer any documentary evidence specifically describing the tools allegedly stolen, but his testimony in this regard was vague and incomplete. Furthermore, petitioner failed to prove both his adjusted basis in the stolen tools and the fair market value of those items. Accordingly, since petitioner has failed to prove he is entitled to a theft loss deduction, we must sustain respondent's determination. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Petitioner has not contested respondent's imposition of the section 6653(a) addition to tax.↩
3. Sec. 1.274-5(c)(5). Loss of records due to circumstances beyond control of the taxpayer.↩ Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records, through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.