IRVIN ANDREW MURRAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murray v. Commissioner
Docket No. 6039-76.
United States Tax Court
T.C. Memo 1980-500; 1980 Tax Ct. Memo LEXIS 84; 41 T.C.M. (CCH) 337; T.C.M. (RIA) 80500; November 6, 1980, Filed Irvin Andrew Murray, pro se. John R. Dorcak, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax in the amount of $1,807.74 for his taxable year 1972, and he further determined an addition to tax in the amount of $90.38 for that taxable year under section 6653(a), Internal Revenue Code of 1954. [1] After concessions, the only issues left for our decision are: (1) whether petitioner may deduct $5,967 as employee business expenses; and (2) whether any part of the underpayment of taxes is due to negligence *85 or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Irvin Andrew Murray (herein petitioner) filed a Federal income tax return for his taxable year 1972. When he filed his petition herein, petitioner resided in Williamsville, New York. During 1972, petitioner was a traveling salesman of business products for several companies. Each of these employers had procedures for reimbursing salesmen such as petitioner, and petitioner was aware of the procedure of each of his employers. Petitioner, during 1972, incurred the following business expenses: Rooms, meals, and lodging
$1,582
Customer Entertainment & Expenses
2,184
Automobile--gas, repairs, tires,
insurance, miscellaneous
1,595
Automobile depreciation
1,828
Parking fees and tolls
268
TOTAL
$7,457
Petitioner, after substantiating expenses in an amount for which he felt he could be reimbursed, was reimbursed for some of these expenses by various employers in a total amount of $2,457. To obtain these reimbursements, petitioner sent copies of *86 charge slips and receipts to the employers, retaining the originals of those documents for his own records. However, petitioner did not send copies of every expense-verifying document that he had to such employers, but only sent documentation of items that totaled the amount for which he felt he would be reimbursed. Petitioner kept records which would substantiate his claimed expenses. However, in September of 1974 he was evicted from an apartment in Atlanta, Georgia, for nonpayment of one month's rent. Petitioner arrived at the apartment one night and found some of his possessions on the street, the rest of them, including his records, having been lost or stolen during the abrupt eviction. Petitioner deducted the above-listed expenses on his 1972 Federal income tax return, reducing such deduction by the reimbursements received. He also deducted $967 for a home office and a "daytimer." Respondent disallowed any deductions in excess of the amount reimbursed, and determined a deficiency based upon that disallowance. OPINION Petitioner claims certain business expenses as deductions for his taxable year 1972. He has the burden of proving their deductibility. Welch v. Helvering, 290 U.S. 111 (1933); *87 Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner attempted to deduct $967 as home office and "daytimer" expenses, but he made no attempt to substantiate these claims or to argue their deductibility. Thus, these sought deductions are denied. The deductibility of the remainder of petitioner's non-reimbursed expenses hinges upon petitioner's compliance with the substantiation requirements of section 274 and the regulations thereunder. Petitioner has not substantiated, per the requirements of section 274(d) and section 1.274-5(c), Income Tax Regs., the remaining disputed expenses. However, he has reasonably reconstructed such expenses. Section 1.274-5(c)(5), Income Tax Regs., provides: (5) Loss of records due to circumstances beyond control of taxpayer. Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. The question is this: Is petitioner's failure to produce adequate records *88 substantiating these expenses due to the loss of such records through circumstances beyond his control, so that his reconstruction of these expenditures will satisfy the requirements of section 274? We find that it was. In respondent's trial memorandum (neither party filed post-trial briefs), he cited as controlling Schafer v. Commissioner, T.C. Memo. 1976-369. There, the taxpayer claimed relief from the substantiation requirements of section 274 by showing that he lost his records during one of several moves. We there held that such circumstances do not constitute a casualty-like occurrence which will bring the taxpayer within the ameliorative boundaries of section 1.274-5(c)(5), Income Tax Regs. At trial, respondent also presented to us a similar case which he deems controlling. [2] He sees no distinction between the present case and the cases cited. We do. As we stated at trial: There's a lot of distinction.If the taxpayer moves his residence voluntarily, he has control over the records. If he's evicted, he has no control.It's beyond his control. We find that petitioner at one time *89 possessed adequate substantiating records of the claimed deductions and that his present lack of records is due to circumstances beyond his control. Accord, Gizzi v. Commissioner, 65 T.C. 342 (1975). Thus, petitioner's treatment of his business expenses on his return (other than the above-disallowed home office and "daytimer" expenses) is sustained. Respondent determined an addition to petitioner's 1972 tax under section 6653(a), which section provides: SEC. 6653. FAILURE TO PAY TAX. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitioner has the burden of proving that he is not liable for the negligence penalty. Estate of Mason v. Commissioner, 64 T.C. 651 (1975); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner *90 neither presented any evidence on this subject nor did he file a brief in which he could have argued his non-negligence. Respondent's determination of the negligence penalty is upheld. Due to concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Luben v. Commissioner, T.C. Memo. 1978-198↩.