HOYAL SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 15048-84.
United States Tax Court
T.C. Memo 1985-240; 1985 Tax Ct. Memo LEXIS 393; 49 T.C.M. (CCH) 1516; T.C.M. (RIA) 85240; May 20, 1985. Hoyal Smith, pro se. Clement Shugerman, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioner's 1979 Federal income tax of $15,815.72 and further determined additions to tax of $3,953.93, $790.79, and $662.98, under sections 6651(a), [1] 6653(a), and 6654, respectively. The issues to be decided are (1) whether petitioner is entitled to any deductions other than those allowed by respondent in reconstructing petitioner's 1979 income tax liability, and (2) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. *395 FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner Hoyal Smith resided in Washington, D.C. when the petition herein was filed. During 1979, petitioner was self-employed as a truck driver and earned income of $38,633. Petitioner's truck was repossessed in late 1979 or early 1980. When it was repossessed, the truck contained some of petitioner's records pertaining to trade or business expenses. Petitioner was unable to regain possession of those records. Petitioner was married during 1979 and he has several children. [2] Petitioner and his wife lived apart for approximately six months of that year. Petitioner filed no Federal income tax return for 1979. He paid no estimated tax, and nothing was withheld from his earnings. In his notice of deficiency, respondent determined *396 that petitioner had income of $38,633 during 1979, and further determined additions to tax under sections 6651(a), 6653(a), and 6654. In reconstructing petitioner's 1979 income tax liability, respondent allowed petitioner one exemption for himself, but did not allow any exemptions for petitioner's wife or for his children. Respondent further allowed deductions of $15,653 [3] for business related expenses and $1,292 for other itemized deductions in excess of the zero bracket amount. OPINION The first issue is whether petitioner is entitled to any deductions other than those allowed by respondent.Petitioner contends, generally, that he should be allowed deductions for various truck expenses and for food and lodging when he was away from home on business. Further, petitioner claims that he is entitled to exemptions for the members of his family. As a preliminary matter, we note that deductions are a matter of legislative grace; the taxpayer must satisfy the specific statutory *397 requirements of the deductions claimed to reduce his tax liability. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Thus, petitioner has the burden of proving the amount of his expenses and his entitlement to a deduction therefor. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). With respect to certain truck-related expenses, [4] petitioner offered only his bare assertion that he was entitled to larger deductions than those allowed by respondent and introduced no evidence, either before or during trial, as to the nature or amount of the expenses giving rise to the claimed deductions. Further deductions are, therefore, denied. *398 Petitioner also claims entitlement to deductions for meals and lodging while he was on the road. Section 162 allows a deduction for traveling expenses incurred while away from home in pursuit of a trade or business. Thus, meals and lodging are expenses of the type that qualify as deductible items. Congress, however, requires taxpayers claiming such deductions to comply with the stringent substantiation requirements of section 274(d). [5]
Section 274(d) provides, in part, that no deduction shall be allowed under section 162 or section 212 "for any traveling expense (including meals and lodging while away from home)," unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (1) the amount of such expense, (2) the time and place of the travel, and (3) the business purpose of the expense. Substantiation by "adequate records" requires maintenance of an account book, diary, or similar record, and documentary evidence such as receipts or paid bills, but duplication is not necessary so long as the account book and receipt "complement each other in an *399 orderly manner." Section 1.274-5(c)(2)(i), Income Tax Regs. However, documentary evidence is required for expenditures for lodging while traveling away from home and for any other expenditure of $25 or more (except for transportation, if not readily available). Section 1.274-5(c)(2)(iii), Income Tax Regs. The alternative method of substantiation, that of "sufficient evidence corroborating his own statement," allows the taxpayer to establish each element of an expenditure "i) By his own statement, whether written or oral, containing specific information in detail as to such element; and ii) By other corroborative evidence sufficient to establish such a element." Section 1.274-5(c)(3), Income Tax Regs.
Petitioner herein maintains that he cannot produce the required records because they were in his truck when it was repossessed and he has been unable to regain possession of them. However, where a taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond his control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction *400 of his expenditures. Section 1.274-5(c)(5), Income Tax Regs.
We do not here consider whether the circumstances under which petitioner's loss occurred meet the requirements of the regulation because, after reviewing the entire record, we find that petitioner did not meet the reconstruction requirement. See Gizzi v. Commissioner,65 T.C. 342 (1975). Petitioner offered no evidence as to the amount or date of the claimed lodging expenses, or the location where such expenses were incurred, and he was indefinite even as to the frequency of such expenses. Similarly, he produced no information as to the amount, date, or location of expenses incurred for meals and, at trial, testified that he never claimed to have had any meal receipts in his truck. We found petitioner to be honest and we have no doubt that he made expenditures during 1979 that were attributable to travel away from home on business. Absent strict compliance with the substantiation requirements under section 274(d), we are, however, precluded from allowing any deduction based on approximation or the unsupported testimony of the taxpayer. Deely v. Commissioner,73 T.C. 1081, 1101 (1980); *401 section 1.274-5(a), Income Tax Regs. Accordingly, no additional deductions are allowed. Petitioner also claims that he should be allowed exemptions for his wife and children. To prove entitlement to such exemptions, petitioner must establish that, for purposes of section 151(b), his wife had no gross income and was not the dependent of another taxpayer and that, for purposes of section 152(a), he furnished over half the support for each child. Petitioner failed to establish these facts and, therefore, we cannot allow him these exemptions. Stephenson v. Commissioner,79 T.C. 995, 1003-1004 (1982). The next issue is whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. The determinations made by respondent in his notice of deficiency are presumed correct, and petitioner bears the burden of proving otherwise. Welch v. Helvering,supra; Rule 142(a). Section 6651(a) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner did not file any return for 1979. He introduced no evidence to show *402 reasonable cause for such failure and, in fact, admitted at trial that he knew he should have filed a return. Accordingly, we sustain respondent's determination. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Petitioner introduced no evidence on this issue and, therefore, we sustain respondent's determination. See Bixby v. Commissioner,58 T.C. 757 (1972). Section 6654 imposes an addition to tax for underpayment of estimated tax. Where there has been a failure to pay or an underpayment of estimated tax, this addition is mandatory and no inquiry is made as to reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). Petitioner paid no estimated tax and no tax was withheld from his earnings during 1979. Further, petitioner introduced no evidence indicating that respondent erred in determining that additions to tax should be imposed under this section. Accordingly, we sustain respondent's determination. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his opening remarks at trial, petitioner said that, in 1979, he had a family of five. In his brief, however, petitioner states that, in 1979, he had a family of four -- two children, his wife, and himself. The identity of the additional family member referred to in petitioner's opening remarks is unclear and, in any event, does not affect the outcome herein.↩
3. The following is a partial list of expenses for which respondent allowed deductions: ↩
Fuel
$ 9,749
Tolls
1,005
Truck repairs
1,708
Oil
251
Lodging
8
Leasing
2,932
$15,653
4. In his brief, petitioner complains that respondent allowed no deduction for his truck tires and tags. At trial, however, petitioner made no claim for such expenses and failed to introduce any evidence as to the amount of such claimed expenses or even evidence that such expenses had been incurred. Additionally, petitioner apparently seeks a deduction for an insurance expense by attaching to his brief a form entitled "Premium Service Agreement," which appears to be a financing agreement for the unpaid portion of an insurance premium. This document was not introduced at trial and, therefore, we consider it merely a statement in a brief, which does not constitute evidence. Rule 143(b). Moreover, the document contains no indication as to what property is covered by the underlying insurance policy or whether the balance of the premium was, in fact, paid. It would, therefore, have little, if any, evidentiary value, even if we were to consider it as evidence in this case.↩
5. See Ferretti v. Commissioner,T.C. Memo. 1982-375↩.