JOHN WALTER LEE, DECEASED, MARION E. LEE, TRUSTEE OF THE LEE FAMILY TRUST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 18311-88
United States Tax Court
T.C. Memo 1991-167; 1991 Tax Ct. Memo LEXIS 186; 61 T.C.M. (CCH) 2404; T.C.M. (RIA) 91167; April 11, 1991, Filed *186 Decision will be entered for the respondent. Martin N. Segal, for the petitioner. Mark E. Menacker, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180 et seq. Respondent determined a deficiency in John Walter Lee's 1984 Federal income tax in the amount of $ 4,778, plus additions to tax of $ 238.90 under section 6653(a)(1) and 50 percent of the interest due on $ 4,778 under section 6653(a)(2). The issues to be decided are: 1) Whether John Walter Lee incurred travel expenses deductible under section 162; [2] 2) whether John Walter Lee incurred legal expenses deducted on Schedule A; and 3) whether John Walter Lee is liable for the additions to tax for negligence. *187 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. John Walter Lee resided in Fullerton, California, at the time of the filing of the petition in this case. Travel Expenses
Marion E. Lee, Trustee of the Lee Family Trust (petitioner) and John Walter Lee (Lee) were married in 1949 in Athens, Greece. Lee had a career in the Air Force and retired as a colonel in 1966. Lee died on June 7, 1989. Petitioner inherited a life estate interest in farm land located in western Kansas when her mother died in 1952. Petitioner's children possess the remainder interest in the farm. The property was situated partly in Sheridon County and partly in Decatur County, and consisted entirely of farm land on which were raised corn, wheat, and milo. Some of the land was for pasture. Petitioner leased the farm to Werner Schieferecke and Melvin Moore (tenants), both of whom provided their own equipment. The expenses and profits were shared one-third by petitioner and two-thirds by the tenants. Petitioner was unable to oversee this property and allegedly hired Lee to manage the farm, starting in 1971 *188 through at least 1984. Petitioner and Lee filed separate tax returns for 1984. In 1984, petitioner paid Lee $ 2,100 for his services, which he reported on a Schedule C. While petitioner's return is not part of the record of this case, we presume that she reported her share of the farm net profits. In addition, Lee deducted the following as employee business expenses in connection with his activities: Transportation
$ 829.00
Meals & Lodging
1,989.00
Actual auto expenses
4,794.00
Office supplies, entertainment,
gifts, stamps, supplies, utilities, car rentals 7,315.00
Total     $ 14,927.00
According to petitioner, during 1984, Lee took four trips from California to the farm. Petitioner stated that two of the trips were by plane and two by car. When he flew, Lee would fly into Colorado Springs and drive a rental car to Kansas. Each trip had an average duration of 10 days. During these trips, Lee stayed in a local motel and checked up on the overall state of the farm. If repairs needed to be performed, petitioner believed Lee would make the repairs himself or hire someone to do the same, although she was never asked for reimbursement. (Presumably, the tenants *189 also performed repairs, when necessary.) Petitioner also had relatives in the area, with whom Lee would visit. At trial, petitioner estimated the total cost for all four trips for meals, lodging, plane, and car expenses to be $ 6,930. Petitioner stated that the difference between her estimate and the $ 14,927 reported on Lee's return may have related to out-of-pocket expenditures for farm repairs, taking the tenants out to dinner, or expenses incurred in connection with Lee's Air Force alumni activities. Petitioner testified that subsequent to the preparation of Lee's 1984 return, Lee's tax records were turned over to an accountant named Arthur C. Kellogg (Kellogg). As the result of an investigation by respondent concerning Kellogg, petitioner contends that Lee's 1984 tax records were taken by respondent and not returned to Lee. Petitioner contends that, because respondent allegedly lost Lee's tax records, respondent should carry the burden of proof regarding Lee's entitlement to the employee business expense deductions. Petitioner called Molly Molt (Molt), a special agent with respondent's criminal investigation division, in an attempt to establish that Lee's records had been *190 taken and not returned by respondent. Molt was one of 17 special agents who, armed with a search warrant, searched Kellogg's office on August 12, 1985, and seized all records discovered. Molt testified regarding respondent's procedures and safeguards utilized in connection with the investigation of Kellogg. Molt also testified that an inventory of the seizure shows a copy of Lee's 1984 tax return being taken, but no other records of his were discovered and taken by the agents. Based upon the record, we are unable to conclude that respondent's agents negligently lost, failed to return, or withheld any of Lee's records. Indeed, we are not able to make a finding of the types of records Lee maintained, utilized by his preparer, and perhaps turned over to Kellogg. Accordingly, there is no basis upon which to consider whether the burden of proof should be placed on respondent. See American Police & Fire Foundation, Inc. v. Commissioner, 81 T.C. 699, 707 (1983); Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979). See also Neece v. Commissioner, T.C. Memo 1986-121. Section 162(a) allows a deduction for the ordinary and *191 necessary expenses paid or incurred in carrying on a trade or business while away from home. However, section 274(d) provides that no deduction is allowable for any travel expense unless the taxpayer substantiates that expense by adequate records or by sufficient evidence corroborating his own statement. Mere estimates are not enough. See Bacon v. Commissioner, T.C. Memo 1989-90; Sec. 1.274-5(a), Income Tax Regs.
Section 1.274-5(c)(5), Income Tax Regs., provides an exception to the normal substantiation requirements. "[I]f the taxpayer can establish that (1) he at one time possessed adequate records and (2) that his present lack of records is due to fire, flood, or other casualty beyond his control, then he is free of the normal substantiation requirements. The taxpayer in such a situation must instead reasonably reconstruct his expenditures." Gizzi v. Commissioner, 65 T.C. 342, 345 (1975). Petitioner provided no documentation, i.e., motel receipts, car rental receipts, airline receipts, or other documentation in order to substantiate Lee's travel expenses. Rather, petitioner attempted to prove Lee's business expenses by estimating *192 what the claimed expenses may have been. We note that no effort was made to obtain duplicate copies of records from airlines, car rentals, or motels where Lee may have stayed. Without more, the strict substantiation requirements of section 274 are not satisfied. Nor can we consider the exception for lost records due to a casualty. It has not been established what records Lee maintained, and petitioner failed to call the return preparer to explain such matters. Petitioner's estimates do not constitute a reasonable reconstruction of expenditures. Under these circumstances, we must hold that petitioner has failed to substantiate the claimed expenses. We sustain respondent on this issue. Legal Fees
Respondent disallowed Lee's legal fees deducted on Schedule A for $ 2,007. Petitioner testified that she had no knowledge as to whom these fees were paid and for what purpose. Accordingly, we sustain respondent on this issue. Negligence
Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the deficiency if any part of the deficiency is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes a further addition to tax *193 in an amount equal to 50 percent of the interest payable on the portion of the deficiency attributable to negligence or intentional disregard of rules or regulations. "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985), quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967). Respondent's determination of negligence is presumed to be correct and the taxpayer has the burden of proving that the determination is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). No evidence was submitted to establish petitioner's lack of negligence and petitioner has thus failed to meet her burden of proof. We sustain respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, respondent's counsel also contended that the expenses were not deductible pursuant to section 183. The Court granted respondent 45 days to file a memorandum brief on the issue of whether section 183 was a new matter upon which respondent bore the burden of proof. Rule 142(a). Respondent subsequently filed a notice of intent not to file a memorandum brief. Therefore, we conclude that respondent has abandoned this issue.↩