WILLIAM E. DAVIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davies v. Commissioner
Docket No. 19873-84.
United States Tax Court
T.C. Memo 1986-248; 1986 Tax Ct. Memo LEXIS 360; 51 T.C.M. (CCH) 1231; T.C.M. (RIA) 86248; June 18, 1986. William E. Davies, pro se. Allan E. Lang, for respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined in income tax deficiency in the amount of $862.48 and an addition to tax under section 6651(a)(1) [1] in the amount of $53.47 for the taxable year 1980. After concessions, [2] the issues for decision are (1) whether petitioner is entitled to travel and entertainment expenses in excess of those determined by respondent and (2) whether petitioner is entitled to a subiness automobile loss in excess of $1,021.68. *362 FINDINGS OF FACT Petitioner resided in Aurora, Colorado when the petition herein was filed. Petitioner has conceded that his 1980 Federal income tax return was untimely filed on May 7, 1981. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. During the year 1980, petitioner was self-employed as a sales representative for Northstar Pipe & Supply, Minnetonka, Minnesota ("Northstar") and GPA Products, Arvada, Colorado ("GPA"). Petitioner was not reimbursed for costs incurred as a sales representative of Northstar or GPA. Petitioner claimed automobile expenses of $5,460.00 on Schedule C of his 1980 Federal income tax return. Using the alternative standard mileage rate as applied to total business miles of 29,640 miles, respondent in his notice of deficiency allowed automobile expenses in the amount of $4,610.00. [3] Petitioner claimed travel and entertainment expenses of $2,754.00 on Schedule C of his 1980 Federal income tax return. In his statutory notice of deficiency, respondent has allowed travel and entertainment expenses as follows: Lodging per receipts
$131.00
Entertainment per log book
157.00
Meals for 60 days at $14.00 per day
840.00
$1,128.00
*363 In the pursuit of his trade, petitioner maintained a log book to record expenses relating to travel, lodging, and meals.Petitioner admitted that such log was not completely accurate. In our view the log book was both incomplete and inaccurate. At trial, petitioner submitted additional gasoline receipts, however, we were unable to locate appropriate entries and corresponding dates [4] in the log book to reflect such expenses. *364 Petitioner maintains that his records were inadvertently removed from his home by his son during a move to florida. Petitioner was able to secure the log book from his son in Florida; however, his belief is that the remaining corroborative evidence was lost in conjunction with his son's move. Other than the aforementioned additional gasoline receipts and a receipt for tires, petitioner was unable to produce receipts for the asserted deductions. Petitioner relied solely on his self serving testimony and the log book to establish entitlement to the asserted expenses. Petitioner also claimed the amount of $965.00 as a business loss on the disposition of a Saab automobile. In his notice of deficiency, respondent determined petitioner's allowable loss to be $396.00. Petitioner subsequently located the bill of sale which established the cost basis of the Saab to be $1,032.23. Respondent concedes that petitioner's allowable loss on the disposition of the Saab is $1,021.68 computed as follows: Saab basis
$1,397.23
(cost $1,032.23 plus improvements $365)
Less Sales Proceeds on Disposition
35.00
1,362.23
Less Personal Use portion 25 percent
340.55
1,021.68
*365 Petitioner, on brief, asserts that certain costs concerning repairs to the Saab automobile in the amount of $782.30 constitute additional expensable items or adjustments to basis under section 1016, but petitioner did not specifically identify or allocate any such costs either at trial or on brief. [5] Further, petitioner was unable to produce any receipts for these purported costs as corroborative evidence. A discrepancy exists in petitioner's testimony and the log book as to when such costs were incurred, although they were incurred, if at all, between July and October of 1980. The Saab automobile became inoperable on November 4, 1980 while petitioner was in Oklahoma during a business trip. Petitioner disposed of the Saab automobile at that time and purchased a Ford Pinto. Additionally, while serving GPA, petitioner leased a truck for three months. OPINION At the outset, we note that respondent's determinations *366 are presumptively correct and the burden of proof rests with petitioner. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). In general, section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for any traveling expense, including meals and lodging while away from home, unless the taxpayer substantiates certain matters by adequate books and records or by sufficient evidence corroborating his own statement. Sec. 1.274-5(c)(2), Income Tax Regs., states that the "adequate records" requirement is satisfied by maintaining an account book, diary, statement of expense, or similar record and documentary evidence which, in combination, are sufficient to establish each element of the expense set forth in section 274(d). [6] If the taxpayer lacks adequate records, a detailed written or oral statement and sufficient other corroborative evidence is required. Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); Sec. 1.274-5(c)(3), Income *367 Tax Regs. As to lost records, section 1.274-5(c)(5), Income Tax Regs., provides that: Where the taxpayer establishes that the failure to produce adequate records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. *368 Section 274(d) was enacted in part with the specific intent to overrule Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), under which Courts held that deductions may be allowed in the absence of specific documentation where it appeared that taxpayers had paid or incurred deductible expenses. See Sanford v. Commissioner,supra.[7]
Petitioner claimed travel and entertainment expenses in the amount of $2,754.00 on his 1980 tax return. Respondent has determined that petitioner's allowable travel and entertainment expenses were $1,128.00. Respondent disallowed the balance of such deductions under section 274(d). We sustain respondent's disallowance. Petitioner has not satisfied the requirements of section 274(d). Petitioner produced a log book and several gasoline receipts. An examination of petitioner's log book reveals gaps which tend to produce more questions than answers. The gasoline receipts did not correspond to entries in the log book as indicated by date of purchase or amount purchased. Petitioner's log book failed to satisfy the adequate records requirement *369 as sufficient evidence which corroborates petitioner's own statement. Petitioner's testimony was self serving and uncorroborated. Petitioner asserts that the exception to section 274(d) should apply because the records were apparently lost when petitioner's son moved to Florida. Sec. 1.274-5(c)(5), Income Tax Regs. However, there is nothing in the record, other than petitioner's self serving statements, confirming that petitioner ever maintained any records other than those produced at trial. Further, petitioner does not qualify under the exception which allows reasonable reconstruction where the taxpayer establishes that the records were lost due to circumstances beyond his control, such as destruction by fire, flood, earthquake, or other casualty. The facts here are not those contemplated by section 1.274-5(c)(5), Income Tax Regs., as petitioner's lost records are not due to fire, flood, earthquake, or other casualty. Furthermore, we note that petitioner has not provided reasonable reconstruction of such expenses. Gizzi v. Commissioner,65 T.C. 342 (1975). We now address the loss on the disposition of petitioner's automobile. On his 1980 tax return, petitioner *370 claimed a loss on the disposition of the automobile in the amount of $965.00. In his notice of deficiency, respondent determined petitioner's allowable loss to be $396.00. Upon presentation of the bill of sale, respondent concedes that petitioner's allowable loss is $1,021.68. Respondent has allowed an adjustment to basis under section 1016 in the amount of $365.00. Petitioner contends that $456.97 for parts, $104.33 for Saab tools, $50.00 towing cost, and $171.00 machine shop services are adjustments to basis under section 1016 which increase the amount of loss under sections 165(a) and (c)(1). As to this contention, petitioner must also satisfy his burden of proof. Welch v. Helvering,supra; Rule 142(a). Petitioner produced no receipts to establish the asserted costs incurred, although petitioner's log book entry on September 4, 1980 does indicate that petitioner incurred such costs, except towing which occurred in November 1980. Respondent has allowed petitioner improvements as adjustments to basis under section 1016 in the amount of $365.00. The inexactitute herein was of petitioner's own making and that fact must weigh heavily against him. Cohan,supra. *371 We determine that respondent's allowance appropriately and adequately reflects petitioner's adjustments to basis of the Saab. Petitioner has failed to satisfy his burden of proof.Therefore, petitioner's allowable loss on the disposition of the Saab is $1,021.68 as conceded by respondent. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the year in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated. ↩
2. Petitioner concedes respondent's determination that $89.00 of unreported income from Chuck's Contract Labor was earned during 1980. Petitioner also concedes liability concerning the addition to tax under section 6651(a)(1).↩
3. At trial, petitioner conceded that respondent's disallowance of the additional $850.00 of automobile expenses was appropriate. On brief, however, petitioner attempts to retract his concession and reasserts that $850.00 of automobile expenses are allowable under section 162 and further asserts, apparently in the alternative, that some portion of such costs constitute adjustments to basis under section 1016 which thereby increase the automobile loss. We deem petitioner's concession at trial dispositive of the automobile expense issue, however, we note further that petitioner offered no proof as to such expenses and has totally failed to satisfy the burden of proof necessary to establish that such costs are either expensable or capital in character. Welch v. Helvering,290 U.S. 111, 115↩ (1933). Rule 142(a). 4. We note that the standard mileage yields a more favorable deduction.↩
5. The additional costs are: Parts
$456.97
Tools
104.33
Machine Shop
171.00
Towing
50.00
$782.30
Petitioner conceded the automobile expense issue at trial. Therefore we will view petitioner's assertions in the adjustment to basis context.↩
6. Sec. 274. Disallowance of Certain Entertainment, Etc., Expenses. (d) Substantiation Required.-No deduction shall be allowed - (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home) * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other items, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩
7. See also Reinert v. Commissioner,T.C. Memo. 1979-512↩.