EDWARD FRANCIS, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Francis v. Commissioner
Docket No. 3711-86.
United States Tax Court
T.C. Memo 1988-226; 1988 Tax Ct. Memo LEXIS 255; 55 T.C.M. (CCH) 896; T.C.M. (RIA) 88226; May 19, 1988. Edward Francis, Sr., pro se. Roslyn Taylor, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG,Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) (3) of the Internal Revenue Code of 1986. [1]
Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1982 and 1983 in the amounts of $ 802 and $ 595, respectively. Petitioner resided in Columbia, South Carolina when he filed his petition with this Court. After concessions by the parties, the issues for decision are: (1) whether petitioner is entitled to a deduction claimed under section 162 for automobile expenses incurred during 1982 and 1983 in the respective amounts of $ 2,400 and $ 1,640; (2) whether petitioner is entitled to charitable *257 contribution deductions for automobile mileage related to church work for 1982 and 1983; and (3) whether petitioner is entitled to a deduction claimed under section 162 for telephone expenses incurred in 1982 in the amount of $ 510. For convenience, we will combine the specific findings of fact and opinion for each issue.
AUTOMOBILE EXPENSES
From March 15, 1977 through September 30, 1983, petitioner was employed as a public information specialist by Legislative Information Services (LIS), a department of the state of South Carolina. Petitioner's primary responsibility was to inform other branches of the state government and their supporting offices, about the services and typees of information available through LIS, and to inform the public, groups, and organizations about the function and the services available through LIS. In connection with his duties as a public information specialist, petitioner was required to travel to various localities within the state of South Carolina. Petitioner received no reimbursement for his travel expenses from his employer in 1982 or 1983. Petitioner maintained a desk calendar in which he noted and scheduled his business appointments. *258 Due to marital problems, however, petitioner has moved numerous times since 1982 and 1983 and no longer has his desk calendar. At trial, his reconstructed log was received into evidence. The log contained information under the following headings: "mileage," "function," "place," and "witness." The log contained no indication of the dates or purpose of the travel. Also during the taxable years in issue, petitioner was the assistant pastor of the Western United Methodist Church in Moncks Corner, South Carolina. In this capacity, petitioner provided spiritual counselling, such as visiting the sick and attending church meetings. Petitioner maintained no log of church-related travel. From January through June 1982, petitioner unsuccessfully campaigned for the position of court clerk of Moncks Corner, South Carolina. Petitioner also has been a active member of the National Association for the Advancement of Colored People (NAACP) since 1968. Attached to petitioner's 1982 and 1983 income tax returns were Forms 2106 -- Employee Business Expenses in which he claimed deductions of $ 2,400 and $ 1,640, respectively, for unreimbursed car expenses. [2] Respondent disallowed these deductions *259 in their entirety. We find that petitioner's travel during 1982 and 1983 was a requirement of his job; therefore, it was an ordinary and necessary business expense within the meaning of section 162. However, section 274(d) provides that no deduction shall be allowed under section 162 for any travel expenses "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement, (A) the amount of such expense * * *, (B) the time and place of the travel, * * * [and] (C) the business purpose of the expense * * *." Section 1.274-5(c)(2), Income Tax Regs., provides that "adequate records" shall consist of documentary evidence and a diary or account book, statement of expense, or similar record, in which the elements of the expenditures are recorded at or near the time of the expenditure. Petitioner maintained a log of *260 his travel expenses but the desk calendar was inadvertently lost. The question, therefore, is whether he can meet the substantiation requirements if he cannot produce the adequately maintained records he once possessed. Pursuant to section 1.274-5(c)(5), Income Tax Regs., if the taxpayer can establish that (1) he at one time possessed adequate records; and (2) that his present lack of records is due to fire, flood, or other casualty beyond his control, then he shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures. These regulations closely follow the congressional reports which accompanied the 1962 congressional action adding section 274 to the Code and have been upheld as valid. Sanford v. Commissioner,412 F.2d 201 (2d Cir. 1969), affg. per curiam 50 T.C. 823 (1968), cert. denied 396 U.S. 841 (1969). See H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741, wherein the stated congressional purpose was to insure "that no deduction is allowed solely on the basis of his own [the taxpayer's] unsupported self-serving testimony." The facts before us cannot support the *261 claim that the records were lost due to circumstances beyond petitioner's control. Marital difficulties and their consequences, no matter how seemingly independent of petitioner's will, do not sufficiently resemble floods or fire to be considered a casualty. Gizzi v. Commissioner,65 T.C. 342, 345 (1975). However, even if the Court were to view the loss of petitioner's records as a casualty, petitioner's reconstruction is incomplete and does not satisfy the requirements of respondent's regulations. Petitioner failed to indicate the purpose of the travel for any of the entries, making it impossible to determine if the travel was business related, personal, or church related. [3] Furthermore, his testimony concerning the travel was vague and nonspecific. Under these circumstances, we have no alternative but to sustain respondent on this issue. [4]
*262 CHARITABLE DEDUCTIONS
Petitioner contends that he incurred some mileage expenses in the course of his church-related work. Out-of-pocket automobile expenses incurred by a person while rendering services on behalf of his church are deductible under section 170(a). Smith v. Commissioner,60 T.C. 988 (1973). To substantiate these expenses, petitioner offered his reconstructed automobile travel log, which lacks information as to the business purpose of each entry. Travel expenses incurred by a person while rendering services on behalf of a church are not subject to the strict substantiation requirements of section 274(d). Therefore, whether petitioner may deduct his claimed automobile expenses as charitable contributions depends upon the applicability of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). The decision in Cohan permits a deduction based on estimates when the Court is convinced, from the record, that the taxpayer has incurred deductible expenses. As stated in Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957), Cohan requires that: there is sufficient evidence to satisfy the trier that *263 at least the amount allowed in the estimate was, in fact, spent or incurred for the sated purpose. Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse. [Emphasis in the original.] Petitioner's vague testimony that some of the mileage incurred during 1982 and 1983 was church related, without more, is insufficient to permit us to apply Cohan to these facts. Based on the record, respondent is sustained on this issue.
TELEPHONE EXPENSE
In 1982, petitioner claimed a $ 510 miscellaneous itemized deduction for telephone and toll calls. This deduction represented one-half of petitioner's expenses for telephone calls made through Southern Bell in Columbia, and Home Telephone Company, Inc. in Moncks Corner. As we have previously found, petitioner's work required him to contact public and/or community groups. In some cases, the only time petitioner could contact these people by telephone was after regular business hours. Thus, petitioner was required to use his telephone and incur business expenses. Also during 1982, petitioner attempted to earn additional income by selling industrial chemicals for a friend. He *264 used his telephone to contact potential customers. If successful, petitioner could have received a percentage of the income generated. However, he made no sales in 1982. In an attempt to substantiate his telephone expenses, petitioner offered into evidence copies of eight monthly telephone statements from Home Telephone Company, Inc. However, he did not produce any of the statements from Southern Bell. Petitioner has the burden of proving that he is entitled to deduct these expenses either under section 162 or section 212. Welch v. Helvering,290 U.S. 111 (1983); Rule 142(a). After reviewing the eight monthly statements from Home Telephone Company, Inc., petitioner was unable to identify which calls may have been made ti either (1) persons he was required to contact due to his employment, or (2) potential customers for industrial chemicals. Without more evidence, we cannot apply Cohan to these facts. See Williams v. United States, supra.Petitioner has not established that the telephone expenses were incurred as an ordinary and necessary business expense, or in an activity engaged in for the production of income. Therefore, respondent's *265 determination is sustained. Decision will be entered for the respondent.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. In 1982, petitioner estimated that he drove 12,000 business miles. He then multiplied this figure by $ .20 per mile which resulted in the $ 2,400 deduction. For 1983, petitioner estimated that he drove 8,000 business miles. He then multiplied this figure by $ .205 per mile which resulted in the $ 1,640 deduction. ↩
3. After careful review of the record, we note that none of the claimed expenses were for local travel, which need not meet the strict substantiation requirements of section 274(d). ↩
4. Prior to the enactment of section 274(d), travel expenses could be approximated under the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Cohan was made inapplicable to certain expenses by section 274(d). See Sanford v. Commissioner,50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841↩ (1969).