T.C. Summary Opinion 2001-120


UNITED STATES TAX COURT


ADOLFO AND MARIA BEDOY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4108-00S.                    Filed August 6, 2001.


<u>Frank H. Whitehead</u>, for petitioners.

<u>Jordan Musen</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' 1996 Federal income tax in the amount of $2,310 and a penalty under section 6662(a) of $462.  This Court must decide whether petitioners are entitled to itemized deductions for medical expenses and job expenses and whether petitioners are liable for the section 6662(a) penalty.

Some of the facts in this case have been stipulated and are so found.  Petitioners resided in Ontario, California, at the time they filed their petition.

Petitioner Adolfo Bedoy (petitioner) was employed by Treasure Chest Advertising (Treasure Chest).  He was a shift supervisor in the press room of Treasure Chest.  Petitioner operated a press machine which produced advertising material for furniture and other types of stores.  He also supervised other press operators working near his press machine.

On their 1996 Federal income tax return, petitioners reported Form W-2 income of $49,075, interest of $56, and a taxable refund of $1,150 for an adjusted gross income of $50,281.

On their 1996 return, petitioners listed on Schedule A, Itemized Deductions, the following medical and dental expenses:

| | |
|---|---|
| Glasses/hearing aids | $500 |
| Insurance | 2,500 |
| Hospital, etc. | 3,400 |
| Doctors, etc. | 2,500 |
| Prescription drugs | 1,300 |
| | 10,200 |

The 7.5 percent of adjusted gross income limitation pursuant to section 213(a) reduced this amount by $3,771 so that the net medical expense deduction was $6,429.

On their 1996 return, petitioners also listed on Schedule A the following amounts as job expenses:

| | |
|---|---:|
| Business meals | $2,500 |
| Out of town meals | 700 |
| Fuel | 1,000 |
| Repairs/maintenance | 1,800 |
| Insurance | 2,500 |
| Wash/wax/misc. | 200 |
| Tax preparation fees | 200 |
| Work wear/shoes/cleaners | 2,700 |
| | 11,600 |

Only 50 percent of the expenses for the business meals and out-of-town meals ($1,600) was deductible under section 274(n), which reduced the total to $10,000. The 2 percent of adjusted gross income floor under section 67(a) reduced the resulting $10,000 amount by $1,006 so that the net job expense deduction was $8,994.

Respondent disallowed the aforesaid deductions in full. Respondent determined that petitioners did not prove that the amounts shown were for medical expenses and were paid, and that they did not establish that the employee business expenses were paid or incurred or were ordinary and necessary to the taxpayers' business.

Section 213 provides a deduction for certain medical expenses. Section 162(a) provides that there shall be allowed as

a deduction all the ordinary and necessary expenses paid or incurred in carrying on any trade or business.  Deductions are strictly a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must substantiate claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.  Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount, bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court, however, must have some basis upon which an estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  There are strict substantiation requirements under section 274(d) for items such as travel expenses and meals.

Respondent stated that up to the date of trial, petitioners provided no substantiation.  The day of trial, petitioner provided evidence that $315 of dental expenses were paid.

Respondent conceded that petitioners were entitled to deduct $315 of dental expenses, subject to the limitations of section 213.

At trial, petitioner offered no substantiation for any of the deductions. Petitioner claimed all receipts were missing because of a renovation of his home over a three-year period from 1996 to 1998. Petitioner admitted he had no receipts for the job expense deduction. Petitioner made no attempt to reasonably reconstruct any of his expenditures. Secs. 1.162-17, 1.274-5(c)(5), Income Tax Regs. But cf. Gizzi v. Commissioner, 65 T.C. 342 (1975).

The claimed deductions are suspect because of the rounded amounts, the repeated deduction of $2,500 amounts, and the exaggerated deductions for some items. With regard to the claimed employee business expenses, Mary Lou Gutierrez, Human Resources Manager for Treasure Chest, was a most credible witness. She explained that Treasure Chest reimburses employees for work related expenses. She also testified that petitioner did not work off the premises where the press machines were located and had no reason to travel for his job. Respondent detailed petitioner's job related claims. Ms. Gutierrez did not believe they were related to his job. It is clear to this Court that these items of expenditure were not related to the job petitioner performed for Treasure Chest.

We find that the medical and job expenses were not substantiated, except for the $315 amount respondent conceded. This amount has no net tax effect because of the 7.5 percent of adjusted gross income limitation under section 213(a). We also find that the job expenses were not ordinary and necessary to petitioner's job as a shift supervisor. Sec. 162(a). Accordingly, we sustain respondent's determinations as to these issues.

Respondent determined that petitioners were liable for the section 6662(a) penalty in the amount of $462. Section 6662(a) provides for an accuracy-related penalty in the amount of 20 percent of the portion of an underpayment of tax attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws and any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioners provided no records which substantiated their alleged expenses, aside from the amounts of dental expenses substantiated, minor in amount compared to the amounts petitioners claimed as deductions. Nor did they attempt to

reconstruct the alleged expenses.  Accordingly, we sustain respondent's determination as to the penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.