T.C. Summary Opinion 2009-196


UNITED STATES TAX COURT


IAN AND MARY A. MENZIES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4569-08S.            Filed December 15, 2009.


Ian and Mary A. Menzies, pro sese.

<u>David Weiner</u> and <u>E. Abigail Raines</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,137 deficiency in petitioners' Federal income tax for 2005. The sole issue for decision is whether Ian Menzies (petitioner) is entitled to deduct $18,649[1] in unreimbursed employee business expenses for 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Indiana when they filed their petition.

Petitioner held two jobs during 2005 interspersed with two periods of unemployment. From January until February 2005 he was unemployed. For the next 3 months he was employed by Porter Restoration (Porter) working as a fire restoration field technician. After another period of unemployment petitioner was employed by Titan Security (Titan), where he worked from June through the end of 2005 as a field operations supervisor. Petitioner received approximately $23,000 in wages from Porter and Titan and $5,369 in unemployment compensation during 2005.

As a fire restoration field technician, petitioner would go into homes that had been damaged by fire and water and conduct

---

[1]The $18,649 is the amount of petitioner's unreimbursed employee business expenses for 2005 before subtracting 2 percent of adjusted gross income as required by sec. 67(a).

emergency cleanup, including boarding up properties and pumping out water from flooded basements. Porter furnished a truck that carried the tools required to complete a cleanup assignment. The cleanup crews worked in teams. Whichever worker lived closest to Porter's office would pick up the truck and meet petitioner and the other workers at the first jobsite. Accordingly, petitioner would often report directly to a jobsite from his home. Petitioner would then travel to the subsequent jobsites for the day using his own vehicle. Often, he would travel to several jobsites in 1 day using his own vehicle. Petitioner usually worked a regular schedule during the day but, on occasion, Porter required him to go to worksites at night.

As a security field supervisor for Titan, petitioner would often visit 10 to 20 sites during a single shift, using his own vehicle. Shifts were either 8 or 12 hours long, depending on the staffing levels. Petitioner's duties were to drive around and check the properties of Titan's clients to ensure that the facilities were adequately secured by Titan's security guards. Petitioner used his own vehicle to drive to the various locations. Petitioner usually worked from Titan's main office in downtown Chicago. He also filled in as a security guard when the staffing situation required, and on occasion he guarded people rather than property. In connection with his employment, Titan required petitioner to be armed at all times while on duty. He

was one of only a very small number of Titan employees who were "arms-qualified". He also trained other employees in security techniques and handling firearms.

During this period petitioner also served as an unpaid volunteer reserve police officer for the Porter County Sheriff's Department in Indiana. As a reserve police officer, petitioner was required to carry a firearm and undergo the same training as full-time police officers.

On Schedule A, Itemized Deductions, for 2005 petitioner deducted $18,649 in unreimbursed employee business expenses for his two jobs. These expenses consisted of $12,249 for business use of his personal vehicle, $400 for travel, and $6,000 for other miscellaneous unreimbursed employee business expenses. Neither of petitioner's two employers had a reimbursement policy for their employees' business-related expenses.

Petitioners filed a joint Federal income tax return for 2005 reporting adjusted gross income of $106,237, consisting of approximately $76,000 that Mrs. Menzies earned from her employment as an insurance underwriting manager, approximately $23,000 petitioner earned from his two jobs as a fire restoration field technician and security field supervisor, and $5,369 from petitioner's unemployment compensation.

Respondent, in a notice of deficiency dated January 7, 2008, disallowed all of petitioner's $18,649 in unreimbursed employee

business expenses because of a lack of substantiation, resulting in a Federal income tax deficiency of $4,137 for 2005.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491(a), the burden of proof as to factual matters may shift to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established compliance with the requirements of section 7491(a). Therefore petitioner retains the burden of proof.

### II. Deductions

#### A. Deductions in General

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed on a return.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Taxpayers must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 6001; Ronnen v. Commissioner, 90 T.C. 74, 102 (1988).  Where the taxpayer establishes that the failure to produce adequate records is due to a loss of the records through circumstances beyond the taxpayer's control, the taxpayer may substantiate the deduction

by reasonable reconstruction of the records. Gizzi v. Commissioner, 65 T.C. 342, 345 (1976); sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). A loss beyond the taxpayer's control includes events such as fire, flood, or earthquake. Gizzi v. Commissioner, supra at 345.

Section 162(a) allows a deduction for ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Generally, the performance of services as an employee constitutes a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). For such expenses to be deductible, the taxpayer must not have received reimbursement and must not have the right to obtain reimbursement from his employer. See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533; Leamy v. Commissioner, 85 T.C. 798, 810 (1985).

If a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, the Court may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (the Cohan rule or simply Cohan). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United

States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d), however, supersedes the Cohan rule with regard to certain expenses. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969); Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274(d) requires stricter substantiation for certain expenses including travel, meals, and listed property such as personal automobiles. Section 274(d) requires taxpayers to provide adequate records or sufficient other evidence to corroborate the taxpayer's statements as to the amount, time, place, business purpose, and business relationship of certain expenses. See sec. 1.274-5T(a), Temporary Income Tax Regs., supra. Taxpayers must maintain and produce substantiation that will constitute proof of each expenditure or use. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Considering the above well-established principles, the Court turns to the deductibility of petitioner's claimed $18,649 in unreimbursed employee business expenses for 2005.

B. Vehicle Expenses

Petitioner claimed vehicle expenses of $12,249 for use of his personal vehicle during 2005, a 1998 Ford Crown Victoria. Petitioner used this vehicle for commuting and for travel that

Porter and Titan required.  The Ford was one of three cars owned by petitioners' household.  The other vehicles included a car used by Mrs. Menzies for her insurance underwriting work and a Grand Prix used for their "personal pleasure".  Petitioner reported on Form 2106-EZ, Unreimbursed Employee Business Expenses, that he drove the Ford 52,000 miles in 2005, of which 27,400 miles were business-related travel, 14,480 miles were for commuting, and 11,200 miles were for personal travel.

Petitioner calculated the amount of the deduction by multiplying the business mileage by the standard mileage rates in effect during 2005.  Each workday, petitioner recorded the mileage from his first worksite to the last worksite of the day in a "day planner".  Petitioner noted all the sites he visited during the day; however, he did not record the mileage between sites.

Petitioner testified that he discarded his day planner in 2007, sometime after filing his 2006 return and receiving his refund, because he felt the documentation was no longer necessary.  Petitioner was therefore unable to produce any records to substantiate the business mileage and, further, he did not attempt to reconstruct a record of his business mileage.

The Court believes petitioner incurred unreimbursed vehicle expenses related to his work for Porter and Titan during 2005. However, the Court may not estimate vehicle expenses under Cohan.

See <u>Sanford v. Commissioner</u>, <u>supra</u>; <u>Rodriquez v. Commissioner</u>, T.C. Memo. 2009-22 (the strict substantiation requirement of section 274(d) precludes the Court and taxpayers from approximating expenses); sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>. Therefore, we must sustain respondent's determination.

  C. <u>Travel Expenses</u>

  Petitioner also claimed $400 for travel expenses for an overnight trip to Morristown, Tennessee, in 2005 for training in fire and flood restoration in connection with his job at Porter. He did not maintain any receipts or other documentation verifying the expense but testified that the $400 included one night of lodging, two meals each day, and gasoline costs for his car. He could not recall exactly how much he separately spent for lodging, meals, or gasoline.

  For travel expenses, section 274(d) requires the taxpayer to substantiate: (1) The amount of the expense; (2) the time and place the expense was incurred; and (3) the business purpose for which the expense was incurred. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Petitioner did not satisfy the first or the second element. He was unable to show receipts or other evidence of the expenses associated with this trip, and he did not provide a reconstruction of the expenses.

In the case of travel expenses, including meals and lodging while away from home, section 274(d) again overrides the Cohan rule. Sanford v. Commissioner, supra. Unfortunately, without substantiation, petitioner may not deduct these travel expenses. We therefore sustain respondent's determination.

D.  Other Miscellaneous Unreimbursed Employee Business Expenses

Petitioner deducted $6,000 for other miscellaneous unreimbursed employee business expenses that he incurred in 2005. He testified that these expenditures included new uniform items, a specialized winter coat, duty gear, two pairs of steel-toed work boots, battle dress uniform (BDU-style) duty pants, a duty belt, a weapon holster, handcuffs, a flashlight, a bullet-resistant vest, a Sig Sauer Model P229 semiautomatic handgun which he purchased for about $1,000, and bullets. Petitioner also testified that he made all of the purchases during 2005, that he used the items exclusively for his security job with Titan, and that he did not receive reimbursement and was not eligible to receive reimbursement for these purchases.

Expenses for clothing are deductible only if the clothing is of a type specifically required as a condition of employment and is not adaptable to general or personal use. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Beckey v. Commissioner, T.C. Memo. 1994-514. Under section 262(a), no deductions are allowed for personal, living, or family expenses.

The Court finds petitioner's testimony to be highly credible with respect to the items he purchased and the employers' lack of a reimbursement policy.  We also find that most of the clothing that petitioner purchased during 2005 was required by Porter or Titan and was not adaptable to personal use.

In summary, using our best judgment and on the entire record before us, the Court is satisfied that petitioner purchased, and was not reimbursed for, many miscellaneous work-related items for his employment with Titan and Porter in 2005.  However, under Cohan, we must bear heavily against petitioner.  Petitioner could not recollect many of the items that made up the $6,000 in expenses he claimed.  Accordingly, petitioner is limited to a deduction of $3,000, subject to the 2-percent floor for other miscellaneous unreimbursed employee business expenses for 2005.

To reflect the foregoing,

Decision will be entered under Rule 155.