T.C. Summary Opinion 2011-30

UNITED STATES TAX COURT

EDWINA S. ETCHINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4110-08S.          Filed March 16, 2011.

Edwina S. Etchinson, pro se.

<u>Brianna B. Taylor</u> and Brent Wieand (student), for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  Pursuant to section

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.  Rule references are to the Tax Court Rules of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated November 15, 2007, respondent determined deficiencies in petitioner's income taxes and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2004 | $3,518 | -- |
| 2005 | 5,232 | $1,034.80 |
| 2006 | 8,803 | 1,760.60 |

After concessions, the issues for decision are as follows: (1) Whether petitioner is entitled to certain itemized deductions in amounts greater than respondent allowed for each year in issue; (2) whether petitioner is entitled to a moving expense deduction for 2005; (3) whether petitioner is entitled to a dependency exemption deduction for her mother for 2006; (4) whether petitioner qualifies as a head of household for 2006; and (5) whether petitioner is liable for section 6662(a) accuracy-related penalties for 2005 and 2006.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Georgia.

From 1994 until April 2005 petitioner lived in an apartment in California. At all times relevant here, she was employed by Federal Express. In April 2005 she moved from her apartment in

California into her mother's home in Georgia to care for her mother, who was suffering from an undisclosed illness. Petitioner's mother owned the house, subject to a mortgage. The mortgage payments were about $700 per month, some of which petitioner might have made while she was living there. At the time, petitioner's mother was receiving approximately $700 to $900 in monthly Social Security benefits.

While she was living with her mother, some of petitioner's personal belongings were stored at a commercial storage facility. The storage facility was burglarized in December 2005, and some of petitioner's property was stolen as a result.

In May 2006 petitioner purchased a house in Georgia and moved from her mother's house. She paid mortgage interest totaling $6,961 that year.

Petitioner's 2004, 2005, and 2006 Federal income tax returns, each prepared by a paid income tax return preparer, were timely filed.

As relevant here, on her 2004 return petitioner claimed itemized deductions totaling $21,276, including: (1) Unreimbursed employee business expenses of $9,856;[2] (2) charitable contributions of $2,895, consisting of $1,300 in cash

---

[2]Amounts shown as unreimbursed employee business expenses are before the reduction required by sec. 67.

donations and $1,595 in property donations; and (3) a $6,652 deduction for home mortgage interest.

As relevant here, on her 2005 return petitioner claimed an $11,000 moving expense deduction and itemized deductions of $19,177, including: (1) Unreimbursed employee business expenses of $7,988; (2) charitable contributions of $2,700 consisting of $1,200 in cash donations and $1,500 in property donations; and (3) a $6,587 deduction for home mortgage interest.

As relevant here, on her 2006 return petitioner claimed head of household filing status, claimed a dependency exemption deduction for her mother, and claimed itemized deductions of $52,829, including: (1) Unreimbursed employee business expenses of $10,951; (2) charitable contributions of $7,600 consisting of $4,400 in cash donations and $3,200 in property donations; and (3) a $29,226 deduction for home mortgage interest.

For 2004 respondent disallowed all of the itemized deductions listed above, with the exception of $400 for charitable contributions. For 2005 respondent disallowed the $11,000 moving expense deduction, and in effect, all of the itemized deductions listed above. For 2006 respondent: (1) Disallowed the dependency exemption deduction claimed for petitioner's mother; (2) changed petitioner's filing status from head of household to single; (3) disallowed all but $6,961 of the mortgage interest expense deduction; (4) disallowed the entire

deduction claimed for unreimbursed employee business expenses;
and (5) disallowed a portion of the deduction for charitable
contributions.[3]  For 2005 and 2006 respondent imposed a section
6662(a) accuracy-related penalty upon the ground that the
underpayment of tax required to be shown on petitioner's return
for each of those years is attributable to a substantial
understatement of income tax.

Discussion

## I. Disputed Deductions

As we have observed in countless opinions, deductions are a
matter of legislative grace, and the taxpayer bears the burden of
proof to establish entitlement to any claimed deduction.[4]  Rule
142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992);
New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).
This burden requires the taxpayer to substantiate deductions
claimed by keeping and producing adequate records that enable the
Commissioner to determine the taxpayer's correct tax liability.
Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd.
per curiam 540 F.2d 821 (5th Cir. 1976); Meneguzzo v.
Commissioner, 43 T.C. 824, 831-832 (1965).

---

[3]Because of an inconsistency in the notice of deficiency,
the amount respondent allowed/disallowed as a charitable
contribution deduction for 2006 is unclear.

[4]Petitioner does not claim that the provisions of sec.
7491(a) are applicable, and we proceed as though they are not.

Petitioner has failed to produce any substantiating documents to support any of the deductions here in dispute. According to petitioner, her records were stolen from a storage facility in December 2005. In situations where the taxpayer's records are unavailable through no fault of the taxpayer, the Court expects the taxpayer to make some attempt to reconstruct those records, especially when it is reasonable to assume that third-party records exist, as, for example, for the amount of mortgage interest paid. Gizzi v. Commissioner, 65 T.C. 342, 345-346 (1975).

Set against these fundamental principles, we turn our attention first to the specific deductions here in dispute.

A. Moving Expense Deduction and Itemized Deductions

If properly substantiated, and subject to certain conditions and limitations, (1) moving expenses are deductible under section 217, (2) unreimbursed employee business expenses are deductible under section 162(a), (3) charitable contributions are deductible under section 170, and (4) home mortgage interest is deductible under section 163(h)(2)(D).

According to petitioner her tax records were stolen in December 2005 from a storage unit, and she does not have any substantiating documents for any of the deductions for any of the years in issue. Petitioner further claims that she provided her

tax records, including records to support the deductions claimed on the returns, to her income tax return preparer, who relied on those records to complete the return for each year here in issue.

Petitioner's explanation for her complete lack of records based upon a theft that occurred in December of 2005 says nothing at all about her lack of records for 2006 and otherwise leaves some important questions unanswered for 2005. Obviously, records for 2006 would not have existed as of the date of the theft. Furthermore, to the extent records for 2005 were available to her return preparer when her 2005 return was prepared in 2006, those records could not have been among the items stolen from her storage unit in 2005.

As it stands, the only evidence supporting the moving expense deduction and the itemized deductions here in dispute consists of the returns themselves, which in no way substantiate any of the deductions claimed on them, and petitioner's vague testimony, which we are neither required nor inclined to accept. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

All things considered, we find that petitioner is not entitled to the moving expense deduction claimed on her 2005 return, and she is not entitled to itemized deductions in excess of the amounts respondent already allowed for any item for any of the years in issue.

B. <u>Dependency Exemption Deduction</u>

Petitioner claimed a dependency exemption deduction for her mother for 2006.  Respondent disallowed the deduction.

In general, a taxpayer is entitled to an additional exemption deduction for each of the taxpayer's dependents.  Sec. 151(a).  As applicable here, the term "dependent" includes a taxpayer's qualifying relative.  See sec. 152(a)(2).  In addition to other requirements, an individual fits within the definition of a taxpayer's qualifying relative for any given year only if the taxpayer provides over one-half of the individual's support during that year.  Sec. 152(d)(1)(C).

In order to support a finding that she provided more than one-half of her mother's total support during 2006, petitioner must establish:  (1) The total amount of support her mother received from all sources during 2006; and, of that amount (2) the amount petitioner provided.  The evidence petitioner offered on these points is insufficient to establish either.

Petitioner has failed to establish that her mother was her qualifying relative for 2006.  It follows that petitioner is not entitled to a dependency exemption deduction for her mother for that year.  Respondent's disallowance of that deduction is sustained.

## II. Filing Status

The income tax liability shown on petitioner's 2006 return is computed as though petitioner qualifies as a head of household for that year. According to respondent, her proper filing status for that year was as a single taxpayer.

Section 1(b) provides a special income tax rate for an individual who qualifies as a head of household. As relevant here and among other requirements, an unmarried individual "shall be considered a head of a household" if that individual "maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such father or mother under section 151." Sec. 2(b)(1).

Because petitioner is not entitled to a dependency exemption deduction for her mother for 2006, she does not qualify as a head of household for that year. Respondent's adjustments resulting from the change of her filing status from head of household to single are sustained.

## III. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for section 6662(a) accuracy-related penalties. For 2005 and 2006 respondent has determined that she is.

Section 6662(a) imposes an accuracy-related penalty of 20 percent of any portion of an underpayment of tax, if among other reasons, the underpayment is attributable to a substantial understatement of income tax. Sec. 6662(b)(2), (d). An understatement of income tax is a substantial understatement of income tax if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the taxpayer's return. Sec. 6662(d)(1)(A). Ignoring conditions not relevant here, for purposes of section 6662 an understatement is defined as the excess of the amount of the tax required to be shown on the taxpayer's return over the amount of the tax which is shown on the return. Sec. 6662(d)(2)(A). In this case the understatement of income tax for each year is computed in the same manner as, and is equal to, the deficiency as redetermined taking into account the foregoing. That amount will exceed $5,000. See secs. 6211, 6662(d)(2).

Respondent bears the burden of production with respect to the accuracy-related penalties. See sec. 7491(c). To meet this burden of production, respondent must produce sufficient evidence that it is appropriate to impose the accuracy-related penalties. Once respondent has done so, the burden of proof is upon petitioner. See Higbee v. Commissioner, 116 T.C. 438, 449 (2001). For 2005 and 2006 we have sustained respondent's adjustments that, as best we can tell, will give rise to an

underpayment that will exceed $5,000 for each of those years. Consequently, respondent's burden of production has been satisfied.

The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment of tax if the taxpayer shows reasonable cause for, and the taxpayer acted in good faith with respect to, that portion.  See sec. 6664(c)(1); Higbee v. Commissioner, supra at 446-447.  The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.  The taxpayer bears the burden of proving the existence of reasonable cause and that he or she acted in good faith with respect to the underpayment.  See Higbee v. Commissioner, supra at 449.  This petitioner has failed to do.  Respondent's imposition of the section 6662(a) accuracy-related penalties for 2005 and 2006 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.