T.C. Summary Opinion 2012-118

UNITED STATES TAX COURT

HENRY MOSES AND DENISE GILMORE-MOSES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9873-10S.                       Filed December 5, 2012.

Henry Moses and Denise Gilmore-Moses, pro sese.

<u>Brian A. Pfeifer</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

_____

[1]Section references other than to sec. 7463 are to the Internal Revenue Code
of 1986, as amended, in effect for the years in issue.  Rule references are to the
(continued...)

petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated February 4, 2010 (notice), respondent determined deficiencies in, and penalties with respect to, petitioners' Federal income tax as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $6,598 | $1,319.60 |
| 2008 | 5,861 | 1,172.20 |

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Florida.

Petitioners are, and were at all times relevant, married to each other. They filed a timely joint Federal income tax return for each year in issue; both returns were prepared by a paid Federal income tax return preparer. Their 2007 return includes a Schedule A, Itemized Deductions, a Schedule C, Profit or Loss From Business, relating to Defiant Records (Records) and a Schedule C relating to

[1](...continued)
Tax Court Rules of Practice and Procedure.

Aspiring Travel Agency (Travel). Their 2008 return also includes a Schedule C relating to Records and a Schedule C relating to Travel. The Schedules C relating to Records and Travel for 2007 and 2008 are hereinafter referred to as Schedules C.

The issues for decision are: (1) whether for 2007 petitioners are entitled to certain deductions claimed on the Schedule A; (2) whether petitioners are entitled to certain deductions claimed on the Schedules C; and (3) whether petitioners are liable for a section 6662(a) accuracy-related penalty for either year in issue.

During the years in issue petitioners were both employed as sanitation truck drivers; petitioners' employers provided the sanitation trucks and other necessary equipment. Henry Moses worked for the city of North Bay Village, Florida; Denise Gilmore-Moses worked for the city of South Miami, Florida. Neither petitioner was required to travel away from home as an employee of either of the above-referenced cities. From time to time during the years in issue, each petitioner purchased fuel at his or her expense for his or her sanitation truck; both could have been reimbursed for doing so by their respective employers if they had requested reimbursement.

On the Schedule A included with their 2007 return petitioners claimed a $39,919[2] unreimbursed employee business expense deduction relating to their respective employments as sanitation truck drivers. They also claimed deductions for medical expenses and charitable contributions on the Schedule A.

In addition to their employment as sanitation truck drivers, each petitioner was the sole proprietor of a business. According to the Schedules C, both businesses were conducted from petitioners' residence. Income and deductions relating to the sole proprietorships are shown on the Schedules C.[3]

In the notice respondent: (1) disallowed the entire unreimbursed employee business expense deduction claimed on the Schedule A; (2) disallowed a portion of the medical expense deduction claimed on the Schedule A; (3) disallowed a portion of the charitable contribution deduction claimed on the Schedule A; (4) disallowed most of the deductions claimed on the Schedules C; and (5) imposed a section

---

[2]According to a Form 2106, Employee Business Expenses, for each petitioner included with petitioners' 2007 return, the amount includes vehicle expenses, parking fees and tolls, other unspecified "business expenses", and expenses for meals and entertainment.

[3]Actually no income is shown for either business for 2007; for 2008 the Schedule C for Records shows $26 of income, but no income is reported on Travel's Schedule C. Respondent allowed some of the deductions claimed on the Schedules C but disallowed most for lack of substantiation and/or technical reasons.

6662(a) accuracy-related penalty for each year in issue. Other adjustments made in the notice are computational and will not be addressed in this Summary Opinion.[4]

## Discussion

### I. Disallowed Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[5] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory

---

[4]According to the notice, petitioners are not entitled to the recovery rebate credit for 2008 because of other adjustments made in the notice. Otherwise, the record is incomplete on the point.

[5]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 90; sec. 1.6001-1(a), Income Tax Regs.

Both petitioners testified at trial.  Simply put, their testimonies lead to the inescapable conclusion that the deductions here in dispute are little more than numbers shown on their returns.  Neither petitioner could explain how the amounts shown for the disputed deductions were computed or why the expense to which a particular deduction relates is deductible.  Both blamed their return preparer for any overstated or improper deductions.

Equally as problematic for petitioners is their failure to substantiate any of the deductions here in dispute.[6]  According to petitioners, their records were stolen from their home during a robbery.  In situations where the taxpayer's records are unavailable through no fault of the taxpayer, the Court expects the taxpayer to make some attempt to reconstruct those records.  See Gizzi v. Commissioner, 65

---

[6]Petitioners' exhibits include bank records and two ledgers.  The bank records show numerous transactions, and the ledgers show various amounts expended on various dates throughout the years in issue.  The relationship between the information contained in these exhibits and the deductions here in dispute is less than clear.

T.C. 342, 345-346 (1975). Petitioners made no such effort, even though, for example, it would seem that substantiation for the medical expense deduction here in dispute would have been readily available from the provider(s) of the medical services to which the deduction relates.

Petitioners could not explain many of the disallowed deductions, and they failed to properly substantiate any of them. Respondent's disallowances of the many deductions here in dispute are sustained.

## II.  Accuracy-Related Penalties

For each year in issue respondent imposed a section 6662(a) accuracy-related penalty. That section imposes an accuracy-related penalty equal to 20% of the underpayment of tax required to be shown on the taxpayer's return that, among other grounds, is attributable to a substantial understatement of income tax. The underpayment of tax required to be shown on petitioners' return for each year and the understatement of income tax equal the deficiency. See secs. 6211, 6662(d)(2), 6664(a). Because the understatement of income tax exceeds $5,000 for each year in issue, it is a substantial understatement of income tax sufficient to support the imposition of a section 6662(a) accuracy-related penalty. See sec. 6662(d)(1). That being so, respondent has met his burden of production with respect to the penalty. See sec. 7491(c).

Nevertheless, if it is shown that petitioners acted in good faith and there is reasonable cause for the underpayment of tax for each year, then the section 6662(a) accuracy-related penalty is not applicable for any of those years. See sec. 6664(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

According to petitioners, they relied upon their return preparer for advice regarding the types and amounts of expenses that could be deducted. According to petitioners, their return preparer is responsible for any improper or overstated deduction. Reliance upon the advice of a tax professional may establish reasonable cause and good faith for the purpose of avoiding liability for the section 6662(a) penalty. See United States v. Boyle, 469 U.S. 241, 250 (1985). Reliance on a tax professional, however, is not an "absolute defense" but merely "a factor to be considered." Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991).

The taxpayer claiming good-faith reliance on a competent adviser must demonstrate that "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment ." Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioners did not call their tax return preparer as a witness. There is no evidence in the record as to the advice their tax return preparer might have given them; no evidence to support a determination that petitioners acted reasonably or in good faith in relying upon any such advice; no evidence as to their tax return preparer's qualifications; no evidence that petitioners disclosed to their tax return preparer all relevant facts and circumstances; and no evidence that the advice was based on reasonable factual or legal assumptions. In short, petitioners have failed to establish that they acted in good faith with respect to the underpayment of tax required to be shown on their return for each year in issue. They are liable for a section 6662(a) accuracy-related penalty for each year in issue.

To reflect the foregoing,

Decision will be entered under Rule 155 to allow the parties to reflect the proper treatment of the recovery rebate credit.